606 So.2d 51 (1992)
Reno DUPLANTIS, et al., Plaintiffs-Appellees,
v.
STATE FARM GENERAL INSURANCE COMPANY, Defendant-Appellant.
No. 91-586.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1992.
Lester Gauthier, Jr., Lafayette, for plaintiffs-appellees.
Roy, Forrest, L. Albert Forrest, New Iberia, for defendant-appellant.
*52 Before STOKER, KNOLL and MARCANTEL,[*] JJ.
BERNARD N. MARCANTEL, Judge Pro Tem.
The sole issue of this appeal is whether the trial court was correct in granting plaintiffs' Motion for Summary Judgment holding that State Farm General Insurance Company had an obligation to defend Reno Duplantis, d/b/a Smurfland Nursery School, in a child molestation action, even though its policy endorsement excluded bodily injury or personal injury liability "arising out of or resulting from the actual, alleged, or threatened sexual molestation of a minor."

FACTS
The initial action forming the basis of this litigation arises on a petition for damages in the matter entitled "In the Interest of Certain Minor Children v. Reno J. Duplantis and Smurfland Nursery School," which was filed in Vermilion Parish and which alleged that the defendant, Reno J. Duplantis, was liable for personal injuries as the result of certain sexual acts committed on minor children. State Farm General Insurance Company had in effect at the time of the alleged occurrences a policy of insurance issued to Reno Duplantis d/b/a Smurfland Nursery School.
When State Farm declined to defend the law suit, citing a molestation exclusion endorsement annexed to the policy, Reno J. Duplantis, plaintiff in the case sub judice, instituted this action to compel State Farm to assume its defense in the child molestation action.
The trial court granted plaintiffs' Motion for Summary Judgment and held that State Farm owed a duty under its policy of insurance to defend plaintiffs in the child molestation litigation. State Farm now seeks this timely appeal.

LAW
State Farm contends that, because a molestation exclusion endorsement is annexed to the insurance policy, it has no duty to defend as defined by the exclusion. The molestation exclusion endorsement reads in its entirety as follows:

"MOLESTATION EXCLUSION ENDORSEMENT
This policy does not apply to bodily injury or personal injury arising out of or resulting from the actual, alleged or threatened sexual molestation of a minor by:
1. any insured;
2. an employee of any insured; or
3. any other person actually or apparently acting on behalf of the named insured.
This policy does not apply to any actual or alleged bodily injury or personal injury arising out of or resulting from any employment of volunteers or persons for hire by or on behalf of the named insured as the result of the arrangement for such employment of any person who commits, is alleged to have committed, or who threatens sexual molestation of a minor.
The Company shall have no duty to defend any claim or suit involving sexual molestation of a minor, regardless of the circumstances involved in the claim or suit, even though the allegations may be groundless, false or fraudulent."
This court recognizes that generally the insurer's obligation to defend suits brought against its insured is broader than its liability for damage claims. In Lees v. Smith, 363 So.2d 974, at page 979 (La.App. 3 Cir. 1978), this court held:
"An insurer's duty to defend suits brought against its insured is determined by the allegations of the plaintiff's petition, with the insurer being obligated to provide a defense unless the petition unambiguously excludes coverage. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969); *53 Ada Resources, Inc., et al. v. Don Chamblin & Assoc., Inc., et al., 361 So.2d 1339 (La.App. 3 Cir.1978)."
However, it is necessary to look to the exclusionary language of the policy itself to determine whether the petition "unambiguously excludes coverage." Williamson v. Alewine, 417 So.2d 64 (La.App. 3 Cir.1982), writ denied, 420 So.2d 984 (La. 1982).
It is clear that the cited exclusion unambiguously places the policyholder on notice that the insurer "shall have no duty to defend ... regardless of the circumstances involved in the claim or suit, even though the allegations may be groundless, false or fraudulent."
Riders or endorsements affixed to an insurance policy are to be read with and harmonized with the provisions of the policy. In the event of any conflict between the endorsement and the policy, the endorsement prevails. Smith v. Western Preferred Casualty Company, 424 So.2d 375 (La.App. 2d Cir.1982), writ denied, 427 So.2d 1212 (La.1983).
When the language of an insurance policy and its endorsements are clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given. Maggio v. Manchester Insurance Company, 292 So.2d 255 (La.App. 4th Cir.1974); Gonsalves v. Dixon, 487 So.2d 644 (La.App. 4th Cir.1986). Any such provisions in the insurance contract which limit liability must be given effect. Gonsalves v. Dixon, supra. Therefore, we find that State Farm had no duty to defend the litigation in the child molestation suit filed against plaintiff.
For the reasons assigned, the judgment of the trial court is reversed, and plaintiffs' action is dismissed. All costs of this appeal are assessed to plaintiffs-appellees.
REVERSED AND RENDERED.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.