**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-30837
Summary Calendar
_____


CINDY L. EHRLICHER,

Plaintiff-Appellee,

VERSUS

STATE FARM INSURANCE COMPANY, et al.,

Defendants,

NEW HAMPSHIRE INSURANCE COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-3745-C)
_____


March 15, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Defendant New Hampshire Insurance Company ("New Hampshire")
appeals the denial of its motion for summary judgment and the grant
of plaintiff Cindy Ehrlicher's motion for summary judgment seeking
uninsured motorist insurance coverage for an accident incurred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

during the course and scope of her employment. Concluding that the district court erred in its application of Louisiana law, we reverse and render summary judgment in favor of New Hampshire.

## I.

We review a summary judgment *de novo*, employing the same standards as did the district court. *See Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 205 (5th Cir.), *cert. denied*, 119 S. Ct. 509 (1998). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *see also* FED. R. CIV. P. 56(c).

## II.

Ehrlicher, an employee of American Healthcare, Inc. ("American"), collided with an underinsured motorist while driving her own car, allegedly during the course and scope of her employment. She recovered up to the limit of the underinsured motorist's coverage as well as under her employer's workers' compensation policy. She now seeks benefits from American's insurance policy with New Hampshire.

## III.

The district court focused on interpreting American's insurance policy with New Hampshire, concluding that a signed

2

endorsement modified the main policy so as to provide underinsured/uninsured motorist ("UM") coverage to employees of American driving their own vehicles in the scope of their employment. Specifically, the court found that the section of the endorsement entitled "Who is an Insured" extends the contractual scope of the UM coverage to employees in Ehrlicher's situation. Section B(5) of the endorsement defines "Who is an Insured" as "[a]nyone else "occupying" an "auto" you do not own and that is a covered "auto" under this coverage part for Liability Insurance and is licensed and principally garaged in Louisiana."

Because the main policy defines a "covered auto" as "any auto," and because Ehrlicher's car is "licensed and principally garaged in Louisiana," the court found that Ehrlicher can properly claim coverage under this provision. The court relied on a similar interpretation of a nearly identical provision in *Bays v. Estate of Zeringue*, 584 So. 2d 715 (La. App. 5th Cir.), *writ denied*, 590 So. 2d 79 (La. 1991), *writ denied*, 590 So. 2d 576 (La. 1992).

New Hampshire protests that this reading of § B(5) would lead to the absurd result of extending coverage to "any auto" that is "licensed and principally garaged in Louisiana." As another Louisiana court of appeal noted, the district court's reading could allow "even the members of this court [to] claim UM coverage under the policy as literally construed." *Ratcliff v. Theriot*, 634 So. 2d 1234, 1236 (La. App. 3d Cir.), *writ denied*, 637 So. 2d

3

1048 (La. 1994).[1]

The district court reasoned that extending UM coverage to an employee driving her own car in the course of her employment is hardly an absurd result. We agree with the *Ratcliff* court, however, that the reading urged by the plaintiffs and adopted by the district court provides no basis for limiting coverage to employees driving their own cars in the scope of their employment. Reading "covered auto" to mean "any auto" would lead to absurd consequences, even if the particular application in this case does not seem so absurd. "Even if the words are fairly explicit, it is our duty to refrain from construing them in such a manner as to lead to absurd consequences." *Cashio v. Shoriak*, 481 So. 2d 1013, 1015 (La. 1986).

New Hampshire has offered a reasonable reading of § B(5) that limits UM coverage to vehicles owned by American. It relies on the phrase "under this coverage part" to limit the scope of "covered autos" to those vehicles specified as covered in the UM coverage section of the policy. Because the declaration page for the UM coverage section states that only vehicles owned by American are UM-covered vehicles, New Hampshire avers that § B(5) is intended to provide UM coverage only to "anyone" occupying a vehicle owned by American. We agree.

---

[1] *Bays* and *Ratcliff* represent a circuit split within Louisiana between the Fifth and Third Circuits. Unfortunately, the Louisiana Supreme Court denied writs for certiorari in both cases without explanation. This leaves us with no binding authority to resolve the question, because "a denial of a writ of certiorari neither constitutes an approval of the court of appeal's decision nor does it create precedent." *Stewart v. Robinson*, 521 So. 2d 1241, 1248 (La. App. 3d Cir. 1988).

4

IV.

Because the district court found that the endorsement extended the policy's contractual coverage to Ehrlicher, it did not reach the question whether UM coverage is statutorily mandated under Louisiana law, which requires UM coverage for any person insured under a liability policy unless such coverage is waived. *See* LA. REV. STAT. ANN. § 22:1406(d)(1)(a)(I). Therefore, we cannot grant summary judgment to New Hampshire unless we conclude that Ehrlicher is not a "liability insured" under the American policy.

Ehrlicher concedes that the original policy specifically excludes her and all other American employees from being "liability insured[s]" and would constitute a waiver under Louisiana law. She nevertheless argues that the endorsement replaces the original policy and broadens the group of "liability insured" persons to include any person driving a vehicle principally licensed and garaged in Louisiana.

We agree with New Hampshire that the endorsements can be read to avoid conflicting with the original policy's liability provisions (as well as avoiding another absurd result). Nothing in the language of the UM coverage endorsement purports to change the group of "liability insureds" covered generally under the policy. Rather, the UM coverage endorsement focuses on defining who is contractually afforded UM coverage. This reading seems especially reasonable in light of the "Louisiana Changes" endorsement, which specifically states how it modifies the original policy's group of "liability insureds." Therefore, we reject Ehrlicher's claim of

5

statutory UM coverage.

For the foregoing reasons, we REVERSE the summary judgment in favor of Ehrlicher and RENDER summary judgment for New Hampshire.