749 So.2d 779 (1999)
Henry HUSBAND, Plaintiff-Appellant,
v.
Judy H. DARBY, et al., Defendant-Appellee.
No. 99-270.
Court of Appeal of Louisiana, Third Circuit.
November 24, 1999.
Lawrence K. Burleigh, Lafayette, for Henry Husband, et ux.
Thomas Fitzgerald Porter, IV, Lafayette, pro se.
Mesonie Terrence Halley, Jr., Lake Charles, for Tetra Technologies.
Barry L. Domingue, for National Union Fire Ins. Co.
BEFORE: YELVERTON, SAUNDERS, DECUIR, PETERS, AND SULLIVAN, Judges.
SAUNDERS, Judge.
Shane Henry rear-ended Henry Husband's (Plaintiff) automobile. Plaintiff sustained injuries as a result of the accident. At the time of the accident, Plaintiff was driving his personal automobile and was in the course and scope of employment. Subsequently, Plaintiff sued Shane Henry, an underinsured motorist, and National Union Insurance, his employer's uninsured motorist (UM) carrier. National Union filed a motion for summary judgment, asserting that Plaintiff was not covered by the issued policy. The trial court, relying upon the holding of Ratcliff v. Theriot, 93-973 (La.App. 3 Cir. 3/2/94); 634 So.2d 1234, writ denied, 99-0685 (La.5/6/94); 637 So.2d 1048, sustained National Union's motion for summary judgment. Plaintiff appeals to this court, we reverse. We hold that the clear and explicit language of the contract extends coverage to the Plaintiff. Moreover, we overrule the holding in Ratcliff to the extent that the Ratcliff insurance policy is indistinguishable from the insurance policy in the instant case.

*780 FACTS

On February 2, 1994, Henry Husband was rear-ended by Shane C. Henry (Henry), an underinsured motorist. Plaintiff was driving his personal vehicle and was in the course and scope of employment with Tetra Technologies, Incorporated (Tetra). The accident resulted in Plaintiff being injured.
On January 23, 1995, Plaintiff and his wife, Shelly G. Husband, filed suit against Shane Henry's natural tutrix, Henry's liability carrier, and Tetra's UM carrier, National Union Fire Insurance Company (National Union). The policy issued by National Union allocated $1,000,000 of UM coverage. Plaintiff settled with all parties except National Union.
During the course of the proceedings, National Union unsuccessfully filed several motions and writs in an attempt to deny coverage. However, these motions and writs were denied. In August 1998, Plaintiff filed a motion for summary judgment asserting that as a matter of law, Plaintiff was in the course and scope of employment at the time of the accident. The trial court sustained Plaintiff's motion for summary judgment. Two weeks prior to trial, National Union filed another motion for summary judgment maintaining that as a matter of law, Plaintiff was not covered under the UM policy. The trial court, relying upon Ratcliff, 634 So.2d 1234, sustained National Union's motion and dismissed Plaintiff's case. Plaintiff appeals to this court citing the following assignments of error:
(1) The trial court erred in granting National Union's motion for summary judgment because National Union's automobile liability insurance policy clearly and specifically provides UM insurance coverage to Plaintiff.
(2) The trial court erred in granting National Union's motion for summary judgment because the facts of Ratcliff on which the court relied are distinguishable from the present case.
(3) The trial court erred in relying on the Ratcliff case because the Ratcliff court ignored the plain language of the automobile liability insurance policy at issue, did not follow Louisiana law on contract and insurance policy interpretation, and because the Ratcliff decision is against the weight of Louisiana jurisprudential authority.
(4) The trial court erred in granting National Union's motion for summary judgment because the Louisiana UM statute, La.R.S. 22:1406(D)(1)(a)(i), mandates UM coverage for Plaintiff.

LAW AND ANALYSIS
A party is entitled to summary judgment where the pleadings, depositions, answers to interrogatories and admissions, together with affidavits, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. See La.Code Civ.P. art. 966; Haywood v. Louisiana Sugar Cane Products, 96-1151 (La.App. 3 Cir. 3/5/97); 692 So.2d 524. The jurisprudence has consistently held that appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993); Schroeder v. Board of Supervisors of Louisiana State Univ., 591 So.2d 342 (La.1991). Moreover, a dispute as to whether, as a matter of law, the language of an insurance policy provides coverage to a party can be properly resolved within the context of a motion for summary judgment. Domingue v. Reliance Ins. Co., 619 So.2d 1220 (La.App. 3 Cir.1993).

Contract Interpretation:
Plaintiff presents four assignments of error for our review. We address the first three together. Essentially, the first three assignments of error claim that the trial court's reliance on our decision in Ratcliff, *781 634 So.2d 1234, was either wrong or distinguishable. Plaintiff contends that the insurance policy in the instant case and the policy in Ratcliff clearly and specifically provides UM insurance coverage to an employee's personal auto being used in the course and scope of employment.
The primary issue centers around contract interpretation. In Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Company, 93-0911 (La.1/14/94); 630 So.2d 759, 763, the supreme court stated that an "[i]nsurance policy is a contract between the parties and should be construed by using general rules of interpretation of contracts." According to La.Civ.Code art.2046 "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent." (Emphasis added). The question whether an insurance contract is clear and unambiguous is a question of law. Louisiana Ins. Guaranty Ass'n, 630 So.2d 759. Additionally, La.Civ.Code art.2056 states: "[i]n case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text. A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party."
The trial court relied on Ratcliff in granting National Union's motion for summary judgment. In Ratcliff, Cyrus Ratcliff, Sr. (Ratcliff) was injured in an accident while driving his personal vehicle. At the time of the accident, Ratcliff was in the course and scope of his employment. The tortfeasor was an uninsured motorist. Ratcliff sued for damages and named his employer's UM carrier. Subsequently, Ratcliff filed a motion for declaratory judgment on the issue of coverage. The trial court granted the motion and declared that Ratcliff was covered by the policy. This court reversed the trial court's judgment and held that to interpret the policy literally would lead to the extension of coverage to anyone in any automobile and as such would lead to absurd consequences.
The facts in the case sub judice are analogous to the facts in Ratcliff. Both Plaintiffs were driving their personal vehicles while in the course and scope of employment. Likewise, both policies contain an endorsement. The endorsements contain the same Section B(5) clause which provides that an "insured" for UM coverage purposes to be "[a]nyone else `occupying' an `auto' you do not own and that is a covered `auto' under this coverage part for Liability Insurance and is licenced or principally garaged in Louisiana." (Emphasis added).
In our review of the policy and the endorsement in the instant case, we find that the literal reading of the contract is clear and unambiguous; Plaintiff is covered by the policy. Moreover, we find that a literal interpretation of the contract does not lead to absurd consequences.
We will analyze and interpret the pertinent parts of the policy and the endorsement. The pertinent parts of the endorsement state the following:
THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY
LOUISIANA UM COVERAGE-BODILY INJURY
. . . .
A. COVERAGE
(1) We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle."
. . . .
B. WHO IS AN INSURED
(1) You.
(2) If you are an individual, any "family member."
(3) Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its *782 breakdown, repair, servicing, loss or destruction.
(4) Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."
(5) Anyone else "occupying" an "auto" you do not own and that is covered "auto" under this coverage part for Liability Insurance and is licensed or principally garaged in Louisiana.

(Emphasis added).
Considering the literal language in Section B(5), Plaintiff is an insured under National Union's UM provision if his personal vehicle is (1) not owned by his employer; (2) licenced or principally garaged in Louisiana and (3) a covered "auto" under the coverage part for liability insurance. The first two requisites are satisfied. The third requisite requires us to determine if Plaintiff's personal vehicle was a covered "auto" under the liability provision of the contract.
Applying general rules of contract interpretation, La.Civ.Code art.2046 states "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent." According to the declarations page, a covered "auto" under the liability provision is described as "any `auto.'" This language is clear and explicit and establishes that Plaintiffs auto is covered under the liability provision.
At this point, our opinion differs from the court in Ratcliff. This court has previously stated in Ratcliff that to read the insurance contract literally would lead to the extension of coverage to anyone in any automobile and as such would lead to absurd consequences. We disagree. Because in Ratcliff and in this case, if the language of the contract were read to extend the contract to employees operating in the course and scope of their employment, it cannot be said to be an absurd consequence as it would be a limited and reasonable expansion of coverage. This limitation is suggested by and consistent with the definition and limitation found in the contract description nine of "Covered Autos."[1] Since the language of the contract is clear no further interpretation need be attempted. See La.Civ.Code art. 2046. The Ratcliff interpretation violates the clear and explicit language of the contract. Thus, we overrule Ratcliff and reverse the trial court's judgment sustaining National Union's motion for summary judgment.[2]
It appears that the language of the policy conflicts with the language of the endorsement. In Duplantis v. State Farm General Insurance Company, 606 So.2d 51 (La.App. 3 Cir.1992), this court stated that "[i]n event of any conflict between endorsement and policy, endorsement prevails." Section B(5) of the endorsement only requires that an automobile be covered under the liability provision. If the vehicle is covered for liability purposes and the other requisites are met, the person occupying the vehicle is an insured under the UM endorsement.
As stated above, the endorsement included in the policy states that "it changes the policy as written." We conclude that section B(5) of the endorsement does change the policy by providing that UM coverage extends to any auto covered by *783 the liability provision of the policy, if certain requisites are met. Plaintiffs auto is covered by the liability provision and is automatically covered by the UM provision.
Moreover, this court in Dubois v. Parish Government Risk Management Agency-Group Health, 95-546 (La.App. 3 Cir. 1/24/96); 670 So.2d 258, 259, stated "[a]ny exclusion from coverage in an insurance policy must be clear and unmistakable." In light of the scrutiny upon Section B(5) in this case and in Ratcliff, it is readily apparent the exclusion is not clear or unmistakable and must necessarily be decided in favor of the Plaintiff. We further note that La.Civ.Code art.2056 states: "[i]n case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished the text. A contract executed in a standard form of party must be interpreted, in case of doubt, in favor of the other party." National Union in this case and the defendant insurance company in Ratcliff are the parties who created the contract and, according to the law, the provisions must be read in favor of the Plaintiff such that coverage is appropriate.
National Union argues that Plaintiffs automobile is not covered by the policy. National Union refers to the declarations page of the policy which provides liability coverage for "any auto" and provides UM coverage for "owned private passenger `autos only.'"
The supreme court in Garcia v. St. Bernard Parish School Board, 576 So.2d 975, 976 (La.1991) stated:
Exclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured. Capital Bank & Trust Co. v. Equitable Life Assurance Society, 542 So.2d 494 (La. 1989); Albritton v. Fireman's Fund Insurance Co., 224 La. 522, 70 So.2d 111 (1953). Equivocal provisions seeking to narrow the insurer's obligation are strictly construed against the insurer, since these are prepared by the insurer and the insured has no voice in the preparation. 13 J. Appleman, Insurance Law and Practice section 7427 (rev.ed.1976). If the language of the exclusion is subject to two or more interpretations, the interpretation which favors coverage must be applied. Carney v. American Fire & Indemnity Co., 371 So.2d 815 (La.1979); W. Law Treatise, Insurance Law and Practice, Section 4 (1986).
(Emphasis added).
Finally, National Union argues that Plaintiffs vehicle is not described by the policy and that La.R.S. 22:1406(D)(1)(e) extends UM coverage only to those vehicles described in the policy. This argument is without merit because the liability provision describes covered autos as "any auto" and Plaintiffs automobile is inclusive in this very broad definition.
We conclude from the clear and explicit language of the liability provision and the endorsement, that Plaintiff is covered by National Union's UM policy. The literal interpretation of the language does not lead to absurd consequences but permits a limited and reasonable expansion of coverage. Therefore, the trial court erred in granting National Union's motion for summary judgment denying coverage.

Mandatory Coverage:
Plaintiff's last assignment of error is that the trial court erred in granting National Union's motion for summary judgment because La.R.S. 22:1406(D)(1)(a)(i), mandates UM coverage for Plaintiff. La. R.S. 22:1406(D)(1)(a)(i) requires UM coverage be provided to the same persons who are insureds under the automobile liability coverage. However, it is not necessary for us to look to La.R.S. 22:1406(D)(1)(a)(i), when the language of the contract/policy and the endorsement mandates coverage for Plaintiffs automobile.

DECREE
For the above reasons, we overrule Ratcliff and reverse the summary judgment in *784 favor of National Union. We remand this case to the trial court for further proceedings consistent with this opinion.
All costs of this appeal are assessed to defendant, National Union Insurance.
REVERSED AND REMANDED.
YELVERTON, J., dissents and assigns written reasons.
YELVERTON, J., dissenting.
I dissent and would affirm the trial judge. Examining the declarations page and the business auto coverage form in the policy, Husband's vehicle was covered for liability purposes. But UM coverage was specifically limited to autos owned by Tetra. Section B(5) in the UM endorsement does not expand this coverage because it limits the scope of "covered `auto'" to those specified as covered "under this coverage part". Therefore, Section B(5) provided coverage only to "anyone" occupying a vehicle owned by Tetra.
The UM statute does not mandate coverage. Although Husband's car was a covered auto for liability purposes, that does not equate to mandatory UM coverage in his favor because Husband himself was not an insured for liability purposes. Policy Section II(A)(1)(b)(2).
I am persuaded by the reasoning of the U.S. Fifth Circuit in Ehrlicher v. State Farm Ins. Co., 171 F.3d 212 (5 Cir.1999), involving identical facts and policy provisions. The Ehrlicher court reversed a summary judgment in favor of the employee and granted summary judgment in favor of the UM insurer. Applying Louisiana law, the Ehrlicher court held that: (1) an endorsement to the employer's insurance policy, defining "insured" as anyone occupying a covered auto that was licensed and principally garaged in Louisiana, did not provide UM coverage to the employee driving her own vehicle in the scope of her employment and (2) the employee was not entitled to statutory UM coverage under the employer's policy.
NOTES
[1] The "Covered Autos" section includes description nine which defines "nonowned autos" as "[o]nly those `autos' you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes `autos' owned by your employees or partners or members of their households but only while used in your business or your personal affairs."
[2] It is important to note that we do not have the full contract used in Ratcliff before us and as such it is very possible that other provisions in the Ratcliff contract would serve to distinguish Ratcliff from the case before us now. Thus, we overrule Ratcliff to the extent that the policy is indistinguishable from the policy in the instant case.