759 So.2d 37 (2000)
Lee CARRIER and his wife Mary Beth Carrier
v.
RELIANCE INSURANCE COMPANY.
No. 99-C-2573.
Supreme Court of Louisiana.
April 11, 2000.
Rehearing Denied May 12, 2000.
*38 Paul M. Adkins, Blanchard, Walker, O'Quin & Roberts, Shreveport; Mickey Stephens deLaup, Metairie, Counsel for Applicant.
Jeffery F. Speer, Doucet-Speer, Lafayette; Bret Christopher Beyer, Erin Sherburne Beyer, Hill & Beyer, Lafayette; Julian Louis Gibbens, III, New Iberia, Paulin J. Laborde, Jr., Lafayette, Counsel for Respondent.
LEMMON, Justice.[*]
This is an action against plaintiff's employer's commercial automobile insurer to recover damages under the uninsured/underinsured motorist (UM) coverage of the employer's policy. The principal issues are (1) whether the court of appeal erred in construing an exception to an exclusion as a basis for coverage under the policy; (2) whether plaintiff, who was injured while driving his own vehicle in the course and scope of his employment, qualified as an insured under the UM coverage of the employer's policy; and (3) if not, whether plaintiff qualified as an insured under the liability coverage of the policy and was therefore entitled to have UM coverage read into the policy.

Facts
Plaintiff was injured in an automobile accident while driving his own vehicle in the course and scope of his employment. The accident was caused by the negligence of a third party tortfeasor.
The tortfeasor's liability insurer paid its policy limits, as did plaintiff's UM insurer. Plaintiff then commenced this action against his employer's UM insurer, Reliance Insurance Company, to recover additional benefits.[1] Reliance asserted that there was no coverage because, among other reasons, there was an endorsement to the policy that excluded UM coverage for employees of the named insured while driving their own vehicle in the course and scope of employment.
Plaintiff filed a motion for summary judgment on the coverage issue, contending that he qualified as an insured under the UM coverage. Alternatively, plaintiff contended that he qualified as an insured under the liability coverage and that La. Rev.Stat. 22:1406 D(1)(a) mandates UM coverage for a liability insured, unless UM coverage is rejected.
The trial judge granted summary judgment in favor of plaintiff without assigning written reasons. Upon Reliance's motion, the judge designated the judgment as final for the purpose of an immediate appeal under La.Code Civ. Proc. art. 1915 B and granted Reliance an appeal.
The court of appeal affirmed. 99-169 (La.App. 3d Cir.6/16/99), 742 So.2d 13. The court discussed two separate endorsements to the UM coverage of Reliance's policy. After discussing the endorsement entitled "Louisiana Uninsured Motorists CoverageBodily Injury," the court pretermitted a decision on the interpretation of that endorsement language.[2] Rather, the court based its decision on another UM endorsement entitled "Uninsured and Underinsured Motorists Exclusion," which provided as follows:
The following additional exclusion applies:

*39 This insurance does not apply to "bodily injury" sustained by any employee of an "insured." This exclusion does not apply to "bodily injury" sustained by any employee while an occupant of a private passenger automobile.
The court of appeal, noting that the endorsement modified the insurance provided under the policy's Business Auto Coverage, reasoned that while the first sentence of the endorsement excluded bodily injury sustained by an employee of the named insured, the second sentence made an exception to the exclusion when the employee was occupying a private passenger automobile. The court concluded that plaintiff was covered under the UM endorsement because of the exception to the exclusion. The court further observed that the endorsement evidenced the named insured's intent to provide UM coverage to its employees when they are occupying private passenger automobiles,[3] emphasizing that the employees were required to use their personal automobiles in the course and scope of their employment.
We granted Reliance's application for certiorari to address the interpretations of both the endorsement addressed by the court of appeal and of the endorsement on which the court of appeal pretermitted a decision and on which there is a split among the circuits. 99-2573 (La.12/10/99), 751 So.2d 241.

Uninsured and Underinsured Motorists Exclusion
Reliance contends, citing Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191, that the intermediate court's reliance on an exception to an exclusion to create coverage was erroneous. Reliance argues that neither the exclusion in the endorsement nor the exception thereto expanded the policy definition of who is an insured.
In the Magnon case, the plaintiff sought to recover, under his employer's commercial general liability insurance policy, the damages he sustained in an accident caused by an uninsured motorist while plaintiff was driving his own automobile in the course and scope of his employment. There was no express UM coverage in the policy or valid rejection thereof, and plaintiff Magnon sought to be recognized as an insured under the liability coverage and thus entitled to have UM coverage read into the policy.[4]
The general liability portion of the policy defined an insured as including employees of the named insured, but only for acts within the scope of their employment. However, the general liability portion expressly made the insurance inapplicable to bodily injury or property damage arising out of the use of any auto which any insured owns. Thus plaintiff Magnon, who was using his auto in the scope of his employment, clearly was not an insured under the general liability portion of his employer's policy.
However, the policy in Magnon also contained a section, entitled "Non-Owned and Hired Auto Liability Insurance," which did provide auto liability coverage. That coverage defined an insured as:
1. you[5] for any covered auto.[6]

*40 2. anyone else while using, with your permission, a covered auto except:
a. the owner or anyone else from whom you hire or borrow a covered auto.
b. your employee if the covered auto is owned by that employee or a member of his or her household.
c. someone using a covered auto while he or she is working in a business of selling, servicing, repairing or parking autos unless that business is yours.
d. anyone other than your employees, partners, a lessee or borrower or any of their employees, while moving property to or from a covered auto.
e. a partner or yours for a covered auto owned by him or her or a member of his or her household.
3. anyone liable for the conduct of an insured described above but only to the extent of that liability.
The court of appeal in Magnon recognized that Section 2(b) excluded employees from the definition of an insured, but characterized Section 2(d) as an exception to the exclusion of an employee when the employee is driving his own auto. 97-1216 (La.App. 5th Cir.10/14/98), 746 So.2d 8. This court reversed, concluding that plaintiff Magnon was excluded from coverage as an insured by Section 2(b) and rejecting the reasoning that another separate exclusion from coverage as an insured could somehow constitute an inclusion into coverage. This court reasoned that Section 2(d)'s exclusion of anyone other than an employee, while moving property to or from a covered auto, meant simply that employees were not excluded by Section 2(d), but that employees could be excluded by other subsections and in fact were excluded, under specified circumstances, by Section 2(b). This court observed that "[t]o hold otherwise would defeat the intent of the parties by treating exclusions as inclusions." 98-2822 at p. 8, 739 So.2d at 198.
In the present case, the court of appeal held that there was UM coverage because plaintiff qualified under the exception to the exclusion in an endorsement to the original policy.[7] The court of appeal observed that the first sentence of the endorsement clearly excluded coverage for bodily injury sustained by an employee of the named insured and that the second sentence of the endorsement established an exception to the exclusion in the first sentence when the employee was an occupant of a private passenger automobile.
Even if the intermediate court correctly interpreted the two sentences of the endorsement, the most that such an interpretation accomplishes is to make the entire endorsement inapplicable. The endorsement contains only an exclusion of a person who was covered under the original policy, and the intermediate court's interpretation of the endorsement as not excluding the employee of the named insured under these circumstances does not make the employee an insured under the original policy. As in Magnon, an exception to an exclusion cannot be the basis for an inclusion within policy coverage of a person who does not qualify as an insured under the policy.
Therefore, even if the court of appeal was correct in its interpretation that this endorsement did not exclude plaintiff from UM coverage (an issue we need not reach), the court erred in not proceeding to address Reliance's contention that plaintiff was not an insured for UM coverage under the original policy and the other endorsements thereto. We therefore proceed to address that coverage issue.

*41 Status as an Insured

Reliance's policy defined an "insured" as "any person or organization qualifying as an insured in the `Who is an Insured' provision of the applicable coverage."
There were two pertinent coverages containing different "Who is an Insured" provisions in the policy issued by Reliance to the corporate named insured that had operations in Louisiana and in Texas. The first "Who is an Insured" provision was in Section IILiability Coverageof the original policy. The second "Who is an Insured" provision was in an endorsement to the original policy (apparently issued contemporaneously with the original policy) entitled "Louisiana Uninsured Motorists CoverageBodily Injury." We will discuss each "Who is an Insured" provision separately.

1. UM Coverage
Plaintiff obviously would be entitled to recovery against Reliance if he qualified under the "Who is an Insured" provision of the UM coverage. As noted, there is a split among the appellate circuits over the interpretation of the exact language contained in the Louisiana UM endorsement in the present case. The dispute concerns the correct construction to be given the language, emphasized below, in Section B5 of the endorsement entitled "Louisiana Uninsured Motorists CoverageBodily Injury." The endorsement provided:
For a covered auto licensed or principally garaged in, or garage operations conducted in, Louisiana, this endorsement modifies insurance provided under the following:
BUSINESS AUTO COVERAGE FORM
. . .
B. WHO IS AN INSURED
1. You.
2. If you are an individual, any family member.
3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured.
5. Anyone else occupying an auto you do not own and that is a covered auto under this coverage part for Liability Insurance and is licensed or principally garaged in Louisiana. (emphasis added).
Plaintiff contends that he is an insured under Section B5 because he was occupying a vehicle, not owned by his employer (the named insured), that was a "covered auto" under the liability portion of the policy which defines "covered auto" as "any auto."
In Bays v. Estate of Zeringue, 584 So.2d 715, 721 (La.App. 5th Cir.), cert. denied, 590 So.2d 79 (La.1991), the Fifth Circuit interpreted an identically worded endorsement as "expand[ing] the definition of an insured." In doing so, the court rejected the insurer's argument that extending coverage to the injured employee under the endorsement would lead to the absurd consequence that anyone in the world occupying any vehicle in the world would be provided with UM coverage under this policy. The court noted that while the declarations page designated "specifically described autos" for purposes of UM coverage, the UM endorsement of the policy did not include such a designation.
The Third Circuit, in interpreting the same language, reached the opposite conclusion in Ratcliff v. Theriot, 93-973 (La.App. 3d Cir.3/2/94), 634 So.2d 1234, cert. denied, 94-0685 (La.5/6/94), 637 So.2d 1048.[8] Expressly declining to follow Bays, the court in Ratcliff held that an employee (in the same position as plaintiff in this *42 case) was not an "insured" under the endorsement. The court explained:
[T]he endorsement, literally construed, purports to extend UM coverage to anyone while occupying any auto, as long as the auto is not owned by [Ratcliffs employer] and is principally licensed or garaged in Louisiana. Thus, conceivably, even the members of this court could claim UM coverage under the policy as literally construed. We can see that under certain selections for covered autos the B(5) provision of the endorsement would not lead to absurd consequences; however, because of the selection for covered autos (i.e., "any `auto'") for liability purposes in this policy, the B(5) provision leads to absurd consequences.
634 So.2d at 1236.
The federal court of appeals, noting this conflict among the circuits and the lack of any guidance from this court, made an Erie guess on this issue in Ehrlicher v. State Farm Ins. Co., 171 F.3d 212 (5th Cir.1999). Deciding that Ratcliff reached the correct result, the court ruled in favor of the employer's UM insurer, reasoning:
The district court reasoned that extending UM coverage to an employee driving her own car in the course of her employment is hardly an absurd result. We agree with the Ratcliff court, however, that the reading urged by the plaintiff's and adopted by the district court provides no basis for limiting coverage to employees driving their own cars in the scope of their employment. Reading "covered auto" to mean "any auto" would lead to absurd consequences, even if the particular application in this case does not seem so absurd....
New Hampshire has offered a reasonable reading of § B(5) that limits UM coverage to vehicles owned by [the named insured]. It relies on the phrase "under this coverage part" to limit the scope of "covered autos" to those vehicles specified as covered in the UM coverage section of the policy. Because the declaration page for the UM coverage section states that only vehicles owned by [the named insured] are UM-covered vehicles, New Hampshire avers that § B(5) is intended to provide UM coverage only to "anyone" occupying a vehicle owned by [the named insured]. We agree. (emphasis added).
171 F.3d at 214-15.
Thereafter, we granted certiorari in this case. In the interim, a five-judge panel of the Third Circuit departed from the relevant portion of its Ratcliff decision. In Husband v. Darby, 99-270 at p. 6 (La. App. 3d Cir.11/29/99), 749 So.2d 779,[9] the court reasoned:
Considering the literal language in Section B(5), Plaintiff is an insured under National Union's UM provision if his personal vehicle is (1) not owned by his employer; (2) licensed or principally garaged in Louisiana and (3) a covered "auto" under the coverage part for liability insurance. The first two requisites are satisfied. The third requisite requires us to determine if Plaintiff's personal vehicle was a covered "auto" under the liability provision of the contract.
... According to the declarations page, a covered "auto" under the liability provision is described as "any `auto.'" This language is clear and explicit and establishes that Plaintiff's auto is covered under the liability provision. (emphasis added).
The court in Husband thus concluded that since the employee's vehicle was a "covered auto" under the liability portion, plaintiff qualified as an insured under Section B5.
We disagree with the interpretation of Section B5 in Husband. The key language in Section B5 that is subject to interpretation states, in effect, that an "insured" includes "[a]nyone else occupying *43 an auto [the named insured] do[es] not own and that is a covered auto under this coverage part for Liability Insurance...." (emphasis added). The words "this coverage part," contained in the UM coverage portion of the policy, are obviously the critical words in the interpretation process.[10] The phrase "for Liability Insurance," following "this coverage part," makes Section B5 ambiguous. Without the phrase "for Liability Insurance," Section B5 would unambiguously refer to a "covered auto" as defined in this UM coverage, where the symbol for "covered auto" is "7," meaning "specifically described autos."[11] Since plaintiff's vehicle was not among the vehicles specifically described in his employer's policy, he clearly would not be an insured under Section B5.
On the other hand, Section B5 arguably could be interpreted, as written, to refer to a "covered auto" as defined in the liability coverage of the policy, where the symbol for covered auto is "1," meaning "any auto." In our view, however, this interpretation (adopted by the court of appeal in Husband) is not reasonable.
In interpreting an insurance policy, the court must determine the common intent of the parties. Louisiana Ins. Guar. Ass'n v. Interstate Fire & Casualty Co., 93-0911 (La.1/14/94), 630 So.2d 759, 763. "An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion." Id. Ambiguity is to be resolved by construing the policy as a whole.
Ambiguous policy provisions generally are to be construed against the insurer and in favor of coverage. Id. Under this rule of strict construction, equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer. Garcia v. St. Bernard Parish School Board, 576 So.2d 975, 976 (La. 1991). That strict construction principle, however, is subject to exceptions. One of these exceptions is that the strict construction rule applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations; for the rule of strict construction to apply, the insurance policy must be not only susceptible to two or more interpretations, but each of the alternative interpretations *44 must be reasonable. Interstate Fire, 630 So.2d at 770; Garcia, 576 So.2d at 976.
Applying these general principles to the particular facts of this case, we conclude that the rule of strict construction is inapplicable since Section B5 is only subject to one reasonable interpretation. Looking to other provisions in Reliance's policy, we conclude that "covered autos" in Section B5 may reasonably be interpreted to mean "specifically described autos." We note that the declarations page indicated, by a symbol, that "covered autos" for UM coverage were "specifically described autos," which were limited elsewhere in the policy to "[o]nly those autos described in ITEM THREE of the Declarations for which a premium charge is shown...." Plaintiff's vehicle is not listed in Item Three of the Declarations.
Moreover, in the endorsement entitled "Louisiana Uninsured Motorists CoverageBodily Injury" (which is the endorsement that contains Section B5 here at issue), there is an exclusion in Section C4 for "[b]odily injury sustained by an insured while occupying or struck by any vehicle owned by that insured that is not a covered auto." Since this exclusion unambiguously refers to "covered auto" in the UM coverage, plaintiff's bodily injury sustained while occupying a vehicle owned by him that was not a "covered auto" under UM coverage is excluded by Section C4, even if plaintiff qualified as an insured under Section B5 (which we conclude he did not).
Finally, the phrase "for Liability Insurance" following the words "under this coverage part" in the UM endorsement could be interpreted to mean the UM coverage part of the overall policy providing several coverages of liability insurance and not to mean only the liability coverage of the overall policy.
On the other hand, an interpretation of Section B5 to include, in the definition of an insured for UM coverage, any person (other than the named insured) occupying "any auto" (as "covered auto" is indicated in the liability section of the policy) is not a reasonable interpretation. It simply is not reasonable to ascribe to the contracting parties an intention to provide UM insurance worldwide to any person occupying any auto. Although it would be reasonable, as observed in Ehrlicher, to limit UM coverage to employees driving their own vehicles in the scope of employment, the literal language of Section B5, as interpreted in Husband and Bays, does not do so and therefore leads to unreasonable and even absurd consequences.
We therefore conclude that the interpretation of Section B5 limiting the definition of an insured for UM coverage to a person occupying a "covered auto" under "this" UM coverage is the only reasonable interpretation.

2. Liability Coverage
Even if plaintiff does not qualify as an insured under the UM portion of the policy, he argues that an insurer is statutorily required to extend UM coverage to anyone who qualifies as an insured under the liability portion of the policy.
The "Who is an Insured" provision in the liability portion of the policy stated in part:
The following are insureds:
a. You for any covered auto.[12]
b. Anyone else while using with your permission a covered auto you own, hire or borrow except:

(1) The owner of a covered auto you hire or borrow from one of your employees or a member of his or her household. (emphasis added).
The court of appeal concluded that plaintiff fell within the exception in Section b(1) *45 and therefore was not an insured under the liability coverage. The court reasoned that "[e]ven though the liability portion of the policy defines a `covered auto' as `any auto,' [plaintiff] is excepted from the definition of `insureds' by virtue of the fact that he was the owner of a `covered auto' borrowed by [plaintiff's employer] from one of its employees." 99-169 at p. 5 (La. App. 3d Cir.6/16/99), 742 So.2d 13, 16. We agree.
Plaintiff could only qualify as an insured under Section b if his employer were deemed to have borrowed his auto, in which case he was a person (other than the named insured) who was using, with the permission of the named insured, an auto borrowed by the named insured. However, even if plaintiff so qualified under Section b, he was disqualified as an insured by the exception in Section b(1), because he was an employee of the named insured who owned the auto borrowed by the named insured.
We therefore conclude that plaintiff was not an insured under the liability portion of the policy, and his argument for mandatory UM coverage fails.

Decree
For the foregoing reasons, the judgment of the trial court granting summary judgment on the issue of uninsured/underinsured motorist coverage in favor of plaintiffs, Lee Carrier and his wife, Mary Beth Carrier, and intervenor, Casualty Reciprocal Exchange, is reversed, the motions for summary judgment are denied, and the case is remanded to the district court for further proceedings.
NOTES
[*] Knoll, J., not on panel. Rule IV, Part II, § 3.
[1] Plaintiff's employer's workers' compensation carrier intervened to recover the benefits paid to plaintiff.
[2] The intermediate appellate circuits have divided in interpreting the language of this endorsement, and that split primarily prompted our grant of certiorari in the present case.
[3] Even if the intent of the named insured is significant, an affidavit of the corporate president of the named insured indicated only his intent "to insure [the corporation] for the torts of their employees."
[4] La.Rev.Stat. 22:1406 D(1)(a)(i) provides that no automobile liability insurance policy shall be issued with respect to any motor vehicle without UM coverage or a waiver thereof. The courts have interpreted this requirement to mean that "UM coverage must be provided to the same persons who are insured under the automobile liability coverage." 15 William S. McKenzie and H. Alston Johnson, III, Louisiana Civil Law Treatise: Insurance Law and Practice § 102 (2d ed.1996). Thus the plaintiff in Magnon sought UM coverage by claiming to be an "insured" under the liability coverage portion of the policy.
[5] The words "you" or "your" referred to the named insured, who was the plaintiff's employer.
[6] The policy provided that a "Covered Auto means any auto you [the named insured] do not own."
[7] As noted above, the endorsement entitled "Uninsured and Underinsured Motorists Exclusion" modified the insurance under the Business Auto Coverage by providing the following additional exclusion: "This insurance does not apply to `bodily injury' sustained by any employee of an `insured.' This exclusion does not apply to `bodily injury' sustained by any employee while an occupant of a private passenger automobile."
[8] This court denied certiorari with the notation "The result is correct."
[9] An application for certiorari has been filed in this court in the Husband case and is currently being held awaiting a decision in the present case.
[10] The court of appeal in Husband, as noted above, misquoted the words as "the coverage part." Husband, supra, 99-270 at p. 6, 749 So.2d at 782. (emphasis added).
[11] Reliance alternatively contends that even if plaintiff qualified as an insured, the UM coverage is not applicable under current law when the insured is operating his or her own vehicle unless the vehicle is described in the policy sued upon. Reliance argues the applicability of La.Rev.Stat. 22:1406 D(1)(e), which as amended in 1988 and 1990 provides:

The uninsured motorist coverage does not apply to bodily injury ... while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made. ... This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles. (emphasis added).
Citing W. Shelby McKenzie and H. Alston Johnson III, Insurance Developments in the Law, 1987-1988, 49 La.L.Rev. 349, 354 (1988), Reliance asserts that when an "insured suffers injury while occupying an automobile owned by him, subparagraph (e) would permit [UM] recovery only under the particular policy on that automobile." Reliance further cites Shackelford v. State Farm Mut. Auto Ins. Co., 94-514 (La.App. 5th Cir.11/29/94), 646 So.2d 1209 for the proposition that:
[T]he statute is clear and provides that UM coverage does not apply to injuries of "an insured while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made." ... The language of the statute does more than simply prevent selection. Rather, it precludes coverage entirely in the given situation.
Because we otherwise rule in Reliance's favor, it is not necessary to address Reliance's alternative argument.
[12] On the declaration page of the policy, the symbol for "Covered Autos" for Liability Coverage is "1," which refers to "ALL AUTOS."