| ^SAUNDERS, Judge.
Shane Henry rear-ended Henry Husband’s automobile. Husband sustained injuries as a result of the accident. At the time of the accident, Husband was driving his personal automobile and was in the course and scope of employment with Tetra Technologies, Incorporated (Tetra). Subsequently, Husband sued Henry, an uninsured motorist, and National Union Fire Insurance Company (National Union), Husband’s employer’s uninsured motorist (UM) carrier. National Union filed a motion for summary judgment, asserting that Husband was not covered by the issued policy. The trial court, relying upon the holding of Ratcliff v. Theriot, 93-973 (La. App. 3 Cir. 3/2/94); 634 So.2d 1234, writ *361 denied, 94-0685 (La.5/6/94); 687 So.2d 1048, sustained National Union’s motion for summary judgment. Husband then appealed to this court and we reversed, holding that the clear and explicit language of the contract extended coverage to Husband. In that opinion, we also overruled our holding in Ratcliff to the extent that the Ratcliff insurance policy was indistinguishable from the insurance policy at issue in the instant case.
Defendant, National Union, then applied for supervisory and/or remedial writs from the Louisiana Supreme Court. The supreme court granted writs and remanded the case to our court for reconsideration of our earlier decision in light of its decision in Carrier v. Reliance Insurance Company, 99-2573 (La.4/11/00); 759 So.2d 37.
On remand we find that, in light of Carrier, Husband was not an insured under Tetra’s National Union policy. Accordingly, we reverse our earlier judgment in favor of Husband, and we rule in favor of the Appellants, Judy H. Darby, et al.

FACTS

On February 2, 1994, Henry Husband was rear-ended by Shane C. Henry, an | ;>underinsured motorist. Husband was driving his personal vehicle and was in the course and scope of employment with Tetra. The accident resulted in Husband being injured.
On January 23, 1995, Husband and his wife, Shelly G. Husband, filed suit against Shane Henry’s natural tutrix, Henry’s liability earner, and Tetra’s UM carrier, National Union. The policy issued by National Union provided $1,000,000 of UM coverage. Husband settled with all parties except National Union.
During the course of the proceedings, National Union unsuccessfully filed several motions and writs in an attempt to deny coverage. However, these motions and writs were denied. In August 1998, Husband filed a motion for summary judgment asserting that as a matter of law, Husband was in the course and scope of employment at the time of the accident. The trial court sustained Husband’s motion for summary judgment. Two weeks prior to trial, National Union filed another motion for summary judgment maintaining that as a matter of law, Husband was not covered under the UM policy. The trial court, relying upon Ratcliff, 634 So.2d 1234, sustained National Union’s motion and dismissed Husband’s case. Husband appealed to this court asserting that the following errors had been made by the trial court:
1. The trial court erred in granting National Union’s motion for summary judgment because National Union’s automobile liability insurance policy clearly and specifically provided UM insurance coverage to Husband.
2. The trial court erred in granting National Union’s motion for summary judgment because the facts of Ratcliff on which the court relied are distinguishable from the present case.
3. The trial court erred in relying on the Ratcliff case because the Ratcliff court ignored the plain language of the automobile liability insurance policy at issue, did not follow Louisiana law on contract and insurance policy interpretation, and because the Ratcliff decision is against the weight of Louisiana jurisprudential authority.
|a4. The trial court erred in granting National Union’s motion for summary judgment because the Louisiana UM statute, La.R.S. 22:1406(D)(l)(a)(i), mandates UM coverage for Husband.
This court addressed the first three assignments together because they essentially claimed that the trial court’s reliance on the court’s decision in Ratcliff, 634 So.2d 1234, was either wrong or distinguishable. We agreed with Husband’s argument, overruling Ratcliff and reversing the trial court’s summary judgment in favor of National Union. This court found it unnecessary to address Husband’s final assignment of error regarding the application of *362 La.R.S. 22:1406(D)(l)(a)(i) because the court found that the language of the policy and the endorsement mandated UM coverage for Husband’s automobile.

ON REMAND

This court decided Husband between the Louisiana Supreme Court’s grant of certiorari in Carrier, 759 So.2d 37, and its decision in that case. During the same time frame, the Defendants in Husband applied for writs to the supreme court. The supreme court granted writs” and remanded the case to this court for reconsideration in light of its holding in Carrier.

LAW AND ANALYSIS

CARRIER

At issue in Carrier was whether Carrier’s employer’s insurance policy provided Carrier with UM coverage for his accident. Id. In determining this issue, the supreme court examined the uninsured motorist and liability provisions of the policy to determine whether Carrier was an insured. In doing so, the supreme court reviewed prior decisions of the Louisiana lower courts which had interpreted the same or similar insurance policy language.
| Jn that review, the supreme court examined this court’s decision in Husband v. Darby, 99-270 (La.App. 3 Cir. 11/29/99); 749 So.2d 779, writ granted, cause remanded by, 99-3597 (La.6/16/00); 763 So.2d 613. The Court quoted language from this court’s opinion in Husband which summarized our findings as:
Considering the literal language in Section B(5), Plaintiff is an insured under National Union’s UM provision if his personal vehicle is (1) not owned by his employer; (2) licensed or principally garaged in Louisiana and (3) a covered “auto” under the coverage part for liability insurance. The first two requisites are satisfied. The third requisite requires us to determine if Plaintiffs personal vehicle was a covered “auto” under the liability provision of the contract.
... According to the declarations page, ■a covered “auto” under the liability provision is described as “any ‘auto.’ ” This language is clear and explicit and establishes that Plaintiffs auto is covered under the liability provision, (emphasis added).
Carrier, 759 So.2d at 42, quoting Husband, 99-270 at p. 6, 749 So.2d at 781. The supreme court noted that in Husband this Court concluded that since Husband’s vehicle was a “covered auto” under the liability portion of Tetra’s insurance policy, Husband qualified as an insured under Section B5. Id. The supreme court expressly disagreed, however, with our interpretation of Section B5, finding our interpretation to be unreasonable. .
Under the supreme court’s analysis, it found that the key language in Section B5 to be interpreted stated, in effect, “that an ‘insured’ includes ‘[ajnyone else occupying an auto [the named insured] do[es] not own and that is a covered auto under this coverage part for Liability Insurance .... ‘ (emphasis added).” Carrier at 42. The supreme court found that the phrase “for Liability Insurance,” following “this coverage part,” made Section B5 ambiguous. Id. The court stated that without the phrase “for Liability Insurance,” Section B5 would unambiguously refer to a | ¡/‘covered auto” as defined in the policy’s UM coverage. Id. Under that section, the symbol for “covered auto” is “7,” meaning “specifically described autos”; therefore, the supreme court concluded that since Husband’s vehicle was not among the vehicles specifically described in his employer’s policy, he clearly would not be an insured under Section B5. Id.
The supreme court also noted that Section B5 could be interpreted to refer to a “covered auto” as defined in the liability coverage of the policy, where the symbol for covered auto was “1,” meaning “any auto.” Id. The supreme court, however, concluded that such an interpretation was not reasonable. Id. After a lengthy analysis of the language of the policy, the court *363 concluded that the only reasonable interpretation of Section B5 was one which limited the definition of an insured for UM coverage to a person occupying a “covered auto” under “this” UM coverage. Id. at 44.
In light of the supreme court’s interpretation of Section B5 of Tetra’s policy, we vacate our earlier decision. We hold that, under Section B5, to be an insured for the purposes of UM coverage, a person must be driving a “covered auto” as defined in the policy’s UM coverage. As a result, we must reverse our earlier holding in Husband unless we can find another basis for coverage.
Louisiana Uninsured Motorist Statute
In Husband’s appeal to this court, Husband made four assignments of error. This court did not address Husband’s fourth assignment of error because the court resolved the case on other grounds. We now review that assignment in order to determine whether it provides a basis for uninsured motorist coverage in this instance.
Husband alleged that under the Louisiana Uninsured Motorist Statute, La.R.S. | fi22:1406(D)(l)(a)(i), uninsured motorist coverage is deemed to exist in all automobile insurance policies in an amount equal to the limits for liability coverage unless the insured expressly rejects uninsured motorist coverage. See Perkins v. Guaranty Nat'l, Ins. Co., 95-229 (La.App. 3 Cir. 11/02/95); 667 So.2d 559, unit denied, 96-0759 (La.5/31/96); 673 So.2d 1033; Chevalier v. Ream, 94-741 (La.App. 3 Cir. 12/07/94); 649 So.2d 746.
Indeed, La.R.S. 22:1406(D)(l)(a)(i) provides:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Subsection unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy ... for the protection of persons insured thereunder who are legally entitled to recover nonpuni-tive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this Subsection is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item D(l)(a)(ii) of this Subsection ...
There is strong public policy in Louisiana in favor of uninsured motorist coverage. Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987); Perkins, 667 So.2d 559. The object of the statute is to promote recovery of damages for innocent automobile accident victims by making uninsured motorist coverage available for .their benefit when the tortfeasor is under-insured or uninsured. Roger, 513 So.2d 1126; McCoy v. State Farm Mut. Auto. Ins. Co., 95-689 (La.App. 3 Cir. 11/02/95); 664 So.2d 572.
Despite the public policy in favor of broad uninsured motorist coverage, this statute contemplates that in order to be covered by the UM provisions of a policy, a |7person must be an insured under the particular policy through which he claims. The starting point for interpretation of any statute is the language of the statute itself. Touchard v. Williams, 617 So.2d 885 (La. 1993). When a law is clear and unambiguous, and its application does not lead to absurd consequences, the law is applied as written, and no further interpretation may be made in search of legislative intent. La.Civ.Code art. 9. The language of the statute provides, that, “No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state ... unless *364 coverage is provided therein for the protection of persons insured thereunder.” La. R.S. 22:1406(D)(l)(a)(i) (Emphasis added.) Thus, under the clear language of the statute, a person must be an insured under the particular policy through which he claims in order for the provisions of the uninsured motorist statute to apply.
Based on the supreme court’s interpretation of the policy language at issue in this case, Husband is not an insured under the uninsured motorist provisions of Tetra’s National Union policy. The fact that Husband was employed by Tetra, standing alone, does not entitle him to coverage under its UM policy. Because he is not an insured under the terms of the policy, the Uninsured Motorist Statute does not mandate that Tetra’s insurer, National Union, provide UM coverage for Husband. Therefore, we hold that La.R.S. 22:1406(D)(l)(a)(i) does not mandate uninsured motorist coverage, where as in this case, the party making a demand is not an insured under the policy through which he. is making a claim. Accordingly, we reverse our earlier decision in favor of Husband and rule in favor of Appellant, Judy H. Darby, et al.

DECREE

^Considering the foregoing discussion, we reverse our earlier ruling in favor of Henry Husband and enter judgment in favor of Judy H. Darby, et al. Appellee, Husband, is assigned all costs of this appeal.
REVERSED.
DECUIR, J., dissents.