BELSOME. J.
| Appellant, W. Earl Harkless, D.D.S. (“Dr. Harkless”) appeals the trial court’s granting of summary judgment in favor of Appellee, Colony Insurance Company (“Colony”).
Dr. Harkless filed suit against Paul Sylvester and Colony asserting claims of negligence on the part of Mr. Sylvester, which ultimately caused the destruction of Dr. Harkless’ dental office located at 1939 St. Claude Avenue. Mr. Sylvester is the owner of a jazz lounge known as Sweet Lorraine’s located at 1931 St. Claude Avenue, New Orleans. On or about June 24, 2002, Sylvester purchased property adjacent to his business bearing the municipal address of 1108-1110 Touro Street (“Touro Property”). On July 24, 2002, a fire started at the Touro Property and spread to Dr. Harkless’ building.
Dr. Harkless contends that Mr. Sylvester’s negligence in securing the abandoned dilapidated building from vagrants caused the fire. Further, since Mr. Sylvester bought the Touro Property in furtherance of his business, Sweet Lorraine’s, the Commercial General Liability (CGL) policy written by Colony on Sweet Lorraine’s should provide coverage for such negligence. Colony | ¿filed a motion for summary judgment on the issue of coverage claiming that the Sweet Lorraine’s policy did not cover the Touro Property. The trial court agreed and granted the summary judgment in Colony’s favor.
On appeal Dr. Harkless argues that the trial court erred in its interpretation of the “Designated Premises Endorsement” and the “Designated Operations Endorsement”. He also maintains that the trial court erred in its finding that there were *537 no genuine issues of material fact presented to prevent the granting of summary judgment.
In determining whether summary judgment was properly granted, this court reviews the record de novo, using the same criteria as the trial court. Reynolds v. Select Properties, Ltd., (La.4/11/94), 634 So.2d 1180, 1183. If the record contains no genuine issues of material fact to overcome the granting of summary judgment, the trial court must be affirmed.
Colony issued a CGL to Sweet Lorraine’s. The CGL policy contains a premises endorsement, or “Limitation of Coverage to Designated Premises or Project.” The endorsement reads:
This insurance applies to ‘bodily injury’, ‘property damage’, ‘personal injury’, ‘advertising injury’, and ‘medical expense’ arising only out of the ownership, maintenance or use of the premises shown in the schedule or the project shown in the schedule.
The schedule of premises or projects list only one premises, 1931 St. Claude Avenue, New Orleans, Louisiana 70117.
Additionally, the policy contained a “Limitation of Coverage to Designated Operations” endorsement that provided that:
We will only pay sums that insured becomes obligated to pay as damages because of ‘bodily injury’, ‘property damage’, ‘personal injury’ and ‘advertising injury’ to which this |3msurance applies arising out of the operations of the business described below.
Business Description:
JAZZ LOUNGE
The trial court’s reasons for judgment stated that:
... plain terms of the designated premises endorsement of the Colony policy is clear and unambiguous by limiting its liability only to cover damages ‘arising only out of the ownership maintenance, or use’ of the property located at 1931 St. Claude Avenue, Sweet Lorraine’s.
We agree. Additionally the trial court noted that a causal connection between the occurrence in question and the designated premises listed in the policy must exist to be considered as arising out of the use of the designated premises. American Guarantee and Liability Insurance Company v. The 1906 Corporation, 129 F.3d 802, 807 (5th Cir.1997). In the instant case no such causal connection existed.
Although Dr. Harkless presented speculation as to the future use of the Touro Property, that alone is not enough to establish coverage. “An insurance contract ... should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms.... ” Carrier v. Reliance Inx. Co., 99-2573, p. 11 (La.4/11/00), 759 So.2d 37, 43 (citing Louisiana Ins. Guar. Ass’n v. Interstate Fire & Casualty Co., 630 So.2d 759, 763 (La.1/14/94)).
For these reasons, we find the trial court did not err in granting Colony’s motion for summary judgment.
AFFIRMED.
MURRAY, J., dissents and assigns reasons.