IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60815
Summary Calendar
_____


THEATRICE TAYLOR,

                                        Plaintiff-Appellant,

versus

MARSHALL DURBIN FOOD CORPORATION,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:99-CV-12-PG
--------------------
May 3, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Theatrice Taylor ("Taylor") appeals the district court's grant
of summary judgment in favor of Marshall Durbin Food Corporation
("Marshall Durbin") on all claims.  She contends that the district
court (1) erred in finding that Plaintiff failed to timely file her
sexual harassment/discrimination claim with the Equal Employment
Opportunity Commission (EEOC); (2) erred in finding that Plaintiff

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

failed to establish that Marshall Durbin retaliated against her in violation of Title VII; and (3) erred in finding that Plaintiff's state-law claim of intentional infliction of emotional distress was preempted by the Labor Management Relations Act ("LMRA") and that no genuine issue of material fact existed regarding this claim.

After carefully reviewing the record and briefs of both parties, we find that Taylor's first and third contentions are clearly without merit. The district court's October 3, 2001 order correctly concluded that Taylor failed to timely file her sexual harassment/discrimination claim with the EEOC and that Taylor's state law claim of intentional infliction of emotional distress was preempted by the LMRA. Therefore, we affirm the district court's grant of summary judgment on Taylor's sexual harassment claim and intentional infliction of emotional distress claim for essentially the same reasons stated in the district court's October 3, 2001 order. We also find that the district court properly granted summary judgment in favor of Marshall Durbin on Taylor's retaliation claim. However, because the retaliation claim presents a much closer question than the other two claims, we will discuss the retaliation claim in greater detail.

## I. FACTUAL BACKGROUND

Taylor was a long-time employee at Marshall Durbin. At some point, she was subjected to unwelcome sexual advances by a supervisor, Katherine Smith ("Smith"). Taylor alleges that she

complained of these unwelcome advances to the human resources director at the plant to no avail. However, on March 27, 1997, she reported the harassment through a hotline at Marshall Durbin's facility in Birmingham. The company subsequently investigated the allegations and ultimately terminated Smith for inappropriate conduct on April 16, 1997.

After Smith was terminated, Taylor asserts that her co-workers and supervisors were hostile towards her because she had been the moving force behind the firing of Smith. Consequently, she filed a sexual harassment and hostile work environment charge with the EEOC on October 17, 1997. On October 24, 1997, Taylor declined to follow a supervisor's order and was taken to a meeting to discuss the problem with the supervisor. The meeting included the plant personnel manager and the company president. During the meeting, Taylor allegedly engaged in loud, hostile behavior. On October 27, 1997, Marshall Durbin fired her for alleged insubordination relating to the events which transpired on October 24.

## II.  STANDARD OF REVIEW

We review the district court's grant of summary judgment on the retaliation claim *de novo*, applying the same standards as the district court. *Ehrlicher v. State Farm Ins. Co.*, 171 F.3d 212, 214 (5th Cir. 1999).

## III. ANALYSIS

Taylor's retaliation claim comes in two forms. First, Taylor

3

alleges that she was ostracized and treated unfairly by her co-workers and supervisors because they held a grudge against her for taking action which ultimately led to Smith's termination.[1] Second, Taylor claimed she was terminated on October 27, 1997 for filing the October 17, 1997 EEOC charge. It is this second claim that we now address.

*Evans v. City of Houston*, 246 F.3d 344 (5th Cir. 2001) reiterated the standard for evaluating a Title VII retaliation claim in a summary judgment context. First, a plaintiff must satisfy her prima facie case by showing that (1) that she engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse employment action.[2] *Id.* at 352. Once the plaintiff has satisfied her prima facie case, the employer must produce evidence of a legitimate, non-retaliatory reason for its decision. If the employer meets this burden of production, the inference of discrimination produced by the plaintiff's prima facie showing then drops from the case. At this point, to survive summary judgment, the plaintiff must produce sufficient evidence from which a reasonable fact-finder could conclude that the adverse

---

[1] We deem this "ostracism" claim to be unpersuasive as explained by the district court's October 3, 2001 order and therefore will not address it.

[2] The "causal link" requirement in prong three of the prima facie case is not as stringent as the "but for" standard. *Long v. Eastfield College*, 88 F.3d 300, 305 n.4 (5th Cir. 1996).

employment action would not have occurred "but for" her protected conduct. *Id.* at 354. To make this showing, the plaintiff can introduce evidence to prove that the legitimate, non-retaliatory reason offered by the employer for the adverse employment action is merely a pretext for the unlawful retaliatory action. *Id.* at 354-55.

In the instant case, it is undisputed that Taylor filed an EEOC charge on October 17, 1997 and was fired on October 27, 1997. Because of the close temporal connection, we presume that Taylor satisfied her prima facie case. However, Marshall Durbin has presented substantial evidence to prove that it fired Taylor on October 27, 1997 for a legitimate, non-discriminatory reason, insubordination and threatening the company president on October 24, 1997.

As we see it, Taylor has not presented sufficient evidence from which a reasonable juror could infer that Taylor would not have been fired from her job at Marshall Durbin "but for" her filing of the EEOC charge. Taylor does not dispute that she disobeyed an order from her supervisor, yelled loudly at various supervisors and the president of the company, and told the company president that "[y]ou got supervisors walking around here with chips on their shoulder that's going to get knocked off." When the company president asked "who was going to knock the chip off," Taylor implied that she would "knock the chip off." By all

accounts except hers, Taylor then asked the president if she knew her name. She subsequently told him that he would hear more from her. A supervisor then stepped between Taylor and the company president to prevent the situation from further escalating out of control.

Admittedly, Taylor presents a different version of the events of October 24, 1997. She claims that she never refused to work but only wanted to follow union policy by finding a person to fill in on the buttonhole line and never shouted at or threatened any of her supervisors. She further contends that her version of the events is entitled to some credence because an independent arbitrator found that she did not refuse to work, that she presented a sound reason for her actions, and that she did not threaten anyone.[3]

We would be inclined to find that a factual issue exists concerning pretext if we looked solely at the evidence concerning

---

[3] Taylor also argues that the Myrtle Temple affidavit supports a finding of retaliation. In the affidavit, Temple opines that the degree of discipline imposed on Taylor for her alleged insubordinate conduct was inconsistent with her perception of past company practices. However, the foundation for this opinion is suspect given the fact that Temple did not witness Taylor's conduct nor did she have knowledge of the employment records of other employees concerning punishment for prior acts of insubordination. In our view, the Temple affidavit sheds little light on whether Taylor was unlawfully retaliated against because (1) this was an atypical situation in that Taylor's alleged insubordination was directed at the company president; and (2) other Marshall Durbin employees who did not file EEOC charges were also fired for similar acts of insubordination.

whether Taylor's actions amounted to unjustified insubordination. However, as the district court noted, the undisputed summary judgment evidence demonstrates that Marshall Durbin did not receive notice that Taylor had filed the EEOC charge until October 31, 1997 (four days after she was fired). The evidence indicates that Taylor's EEOC charge was not mailed to the company by the EEOC until October 22 at the earliest. Moreover, the evidence indicates that the letter informing the company of the charge was addressed incorrectly. The benefits clerk who distributes and sorts the mail at the Hattiesburg processing plant testified that the letter in which notice was given of the EEOC charge was not received until October 31, 1997. Similarly, the company president testified that he had no knowledge that Taylor had filed an EEOC charge at the time he fired her.

Taylor contends that the company president knew that she had filed an EEOC charge. However, she has presented no evidence to support this contention, only speculation. Because there is no evidence to dispute the fact that Marshall Durbin had no knowledge that she had filed an EEOC charge, it would be quite a leap of logic for us to rule that a reasonable juror could infer that Taylor's termination resulted from retaliatory animus. *See Barrow v. New Orleans Steamship Ass'n*, 10 F.3d 292, 298 n. 25 (5th Cir. 1994) (whether the employer has knowledge of the protected activity is relevant in determining causation); *Mato v. Baldauf*, 267 F.3d

444, 452-53 (5th Cir. 2001)(a reasonable jury could not conclude that the proffered legitimate non-discriminatory reason was a pretext for retaliation, in part, because the plaintiff presented no evidence that the decision-maker knew about the protected activity [sexual harassment complaints] engaged in by the plaintiff). We will not make such a leap in this case.

**IV. CONCLUSION**

We conclude that Marshall Durbin was entitled to summary judgment on Taylor's retaliation claim because Taylor did not present sufficient evidence to support an inference of retaliation.

AFFIRMED.

8