# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 20, 2025

Lyle W. Cayce
Clerk

No. 24-30562

_____

Jessica Mackey,

*Plaintiff—Appellant*,

*versus*

American Multi-Cinema, Incorporated,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-1350

_____

Before Dennis, Haynes, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Jessica Mackey appeals the district court's denial of her Federal Rule of Civil Procedure 60(b)(6) motion for relief from judgment. For the reasons that follow, we AFFIRM the district court's judgment, DENY Defendant-Appellee American Multi-Cinema, Inc. (AMC)'s motion for sanctions, and ISSUE a sanctions warning.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30562

## I

Nearly six years ago, Mackey walked towards the entrance of the AMC movie theater in Harvey, Louisiana. Mackey tripped and fell face forward after the tip of her sandal caught what she alleges to be "uneven concrete" in the sidewalk caused by a faulty expansion joint. Mackey struck the sidewalk with her forehead, lost consciousness, and suffered injuries.

Mackey sued AMC alleging that it negligently failed to keep the movie theater premises reasonably safe or warn patrons about the faulty expansion joint. On AMC's motion, the district court entered summary judgment after concluding that Mackey failed to create a genuine dispute of material fact as to whether the expansion joint was unreasonably dangerous. A panel of our court affirmed. *See Mackey v. Am. Multi-Cinema, Inc.*, No. 21-30687, 2022 WL 2070393 (5th Cir. June 8, 2022), *cert. denied*, 143 S. Ct. 1084 (2023).

Mackey filed a petition for writ of certiorari in the United States Supreme Court. Soon after Mackey's case was calendared for conference, the Louisiana Supreme Court issued *Farrell v. Circle K Stores, Inc.*, 2023-00849, (La. 3/17/23), 359 So. 3d 467. *Farrell* addressed the application of Louisiana's risk-utility balancing test in the context of a motion for summary judgment. *Farrell* held that whether a condition is "open and obvious" is something to be considered in the risk-utility balancing test or breach-of-duty analysis, rather than the existence-of-a-duty analysis. *Id.* at 478. The Louisiana Supreme Court clarified further that although "the breach of the duty element involves a mixed question of law and fact, summary judgment is not necessarily precluded." *Id.* Mackey then filed a supplemental brief with the United States Supreme Court, asserting that *Farrell* was applicable to the issue raised in her petition. She requested that it GVR, *i.e.*, issue an order granting her petition, vacating the district court's judgment in light of *Farrell*,

and remanding the case to this court. The Supreme Court denied Mackey's petition.

In the district court, Mackey filed a Rule 60(b)(6) motion for reconsideration, arguing that *Farrell* constituted an extraordinary circumstance that justified reopening her case. The district court denied Mackey's motion, and our court affirmed, agreeing with the district court that: (1) *Farrell* was not directly relevant, and (2) the Supreme Court had already considered the merits of *Farrell*'s application to Mackey's case when it denied her petition for certiorari. *Mackey v. Am. Multi-Cinema, Inc.*, No. 23-30392, 2024 WL 1193564, at *2 (5th Cir. Mar. 20, 2024).

Relevant to this appeal, in July 2024, Mackey filed a second Rule 60(b) motion, arguing that relief from judgment is now warranted because of the Louisiana Supreme Court's denial of a supervisory writ in *Seymour v. Murphy Oil USA, Inc.*, 386 So. 3d 312, 2024 WL 3050097, at *1 (La. June 19, 2024) (mem.). In *Seymour*, a plaintiff fell into a concrete hole while walking toward a gas pump at a Murphy Oil gas station. Murphy Oil moved for summary judgment, theorizing that the deviation in the concrete was not unreasonably dangerous because the expansion joint had social utility and was open and obvious. The trial court denied the motion because "a genuine issue of material fact as to whether the alleged deviation was open and obvious" and "issues of credibility of witnesses" remained. The Louisiana Supreme Court denied the supervisory writ without explanation, but Justice Crain penned a concurring opinion to "reiterate" *Farrell*'s importance in "premise liability cases." *Seymour*, 2024 WL 3050097 at *1 (Crain, J., concurring).

Finding Mackey's invocation of a writ denial in *Seymour* unpersuasive and irrelevant, the district court denied the second Rule 60(b) motion. This timely appeal followed. On appeal, AMC moves for sanctions because of Mackey's "harassment of AMC and her abuse of the judicial process."

II

Pursuant to Federal Rule of Civil Procedure 60(b)(6), "the [district] court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." FED. R. CIV. P. 60(b)(6). We review a district court's decision on a Rule 60(b)(6) motion based on interpretation of state law for abuse of discretion. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 751 (5th Cir. 1995); *see also Hall v. Louisiana*, 884 F.3d 546, 549 (5th Cir. 2018).

III

On appeal, Mackey concedes that *Seymour* is not "a change in decisional law that would permit her case to be reopened under Fed. R. Civ. P. 60(b)(6)." Rather, Mackey argues that *Seymour* "proves" *Farrell* is "the relevant change in decisional law," and thus presents an extraordinary circumstance under Rule 60(b)(6). As noted, a panel of our court has already held in this very case that "*Farrell* does not impact either this court's or the district court's [earlier] conclusions [on summary judgment] because it did not change Louisiana law on pavement deviations." *Mackey*, 2024 WL 1193564 at *2. That decision binds us under the law of the case doctrine. *Fuhrman v. Dretke*, 442 F.3d 893, 896 (5th Cir. 2006) ("[A]n issue of law . . . decided on appeal may not be reexamined . . . by the appellate court on a subsequent appeal." (quotations omitted)). True enough, issues on appeal are revisable in the event of "manifest error" or "an intervening change in the law." *Carnival Leisure Indus., Ltd. v. Aubin*, 53 F.3d 716, 718–19 (5th Cir. 1995). But *Seymour* is a without-explanation writ denial by the Louisiana Supreme Court that lacks precedential value, so it neither "proves" manifest error nor represents an intervening change in the law. *Ehrlicher v. State Farm Ins. Co.*, 171 F.3d 212, 214 n.1 (5th Cir. 1999) ("[A] denial of a writ of certiorari neither constitutes an approval of the court of appeal's decision nor

does it create precedent." (citation omitted)); *State v. Brown*, 2016-0998, p. 62 (La. 1/28/22), 347 So. 3d 745, 833 ("[A] writ denial by this court has no precedential value[.]" (citation omitted)). Once again, "Mackey has failed to sufficiently allege any reversible error on behalf of the district court as to its order denying her motion for relief from judgment pursuant to Rule 60(b)(6)." *Mackey*, 2024 WL 1193564 at *2.

That leaves AMC's motion for sanctions. While Mackey's arguments on appeal are without merit, we decline to impose sanctions under Federal Rule of Appellate Procedure 38 at this time. Still, we take this opportunity to warn Mackey that future frivolous appeals in this court—including any frivolous petitions for rehearing—may well result in the imposition of sanctions.

IV

For the foregoing reasons, the judgment of the district court is AFFIRMED. The motion for sanctions is DENIED, but a sanctions warning is ISSUED.