STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

04-104

STANLEY J. EARTHLY

VERSUS

UNITED OF OMAHA LIFE INS. CO.

**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 201,629, DIVISION "F"
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE
**********

**GLENN B. GREMILLION**
**JUDGE**

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Glenn B. Gremillion, Judges.

AFFIRMED.

Michael L. Glass
1735 White Street
Alexandria, LA 71301
(318) 484-2917
Counsel for Plaintiff/Appellee
      Stanley J. Earthly

Wilbert J. Saucier, Jr.
826 Main Street
Pineville, LA 71360
(318) 473-4146
Counsel for Plaintiff/Appellee
      Stanley J. Earthly

**Thomas E. Loehn**
**1010 Common St., Suite 2400**
**New Orleans, LA 70112**
**(504) 523-7090**
**Counsel for Defendant/Appellant**
**United of Omaha Life Ins. Co.**

GREMILLION, Judge.

In this case, the defendant, United of Omaha Life Insurance Company, appeals the summary judgment in favor of the plaintiff, Stanley J. Earthly, awarding him the proceeds of an annuity. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 24, 1996, United issued a single premium deferred annuity to John Earthly, Sr., and his wife, Jessie Mae Earthly. Their two children were listed as beneficiaries, with Stanley being the primary beneficiary and his brother, John, Jr., being the contingent beneficiary. In March 1998, John, Sr. died and Jessie Mae chose not to receive the sum payable at his death, but instead continued the contract in full force as sole owner. Jessie Mae died in November 1999. Prior to their deaths, both John, Sr. and Jessie Mae executed statutory wills instructing that their property be transferred in indivision to their sons. Each will also appointed John, Jr. as executor of their estates. John, Jr. opened the successions of his parents and initiated a claim for the proceeds of the annuity. United paid the proceeds of the contract to the estate of Jessie Mae. Particularly, the draft was made payable to the order of:

ESTATE OF JESSIE MAE EARTHLY
JOHN EARTHLY, JR. EXECUTOR.

Thereafter, John, Jr. and his wife, Antoinette Earthly, endorsed the check and deposited the entire sum into Antoinette's personal credit union account. John and Antoinette spent the entire sum for their own personal use and benefit.

Stanley then learned of the existence of the annuity and made demand upon United for the payment of the proceeds. United informed Stanley that it had paid the proper payment under the terms of the contract. Stanley filed suit against

1

United alleging that he was the sole beneficiary entitled to the proceeds of the annuity. Following a hearing on an Exception of No Cause of Action, Motion to Strike, Motion in Limine filed by United and Motions for Summary Judgment filed by both parties, the trial court granted Stanley's Motion for Partial Summary Judgment finding that he was the sole beneficiary under the contract of annuity and was, therefore, entitled to be paid $90,512.41 in full from United. United now appeals.

United assigns as error:

1.    The trial court's finding that Stanley is the sole beneficiary under the contract of annuity.

2.    The trial court's finding that the payment of the annuity proceeds to the estate of Jessie Mae was an improper distribution.

3.    The trial court's failure to find that Stanley and John, Jr. are co-contingent beneficiaries with equal ownership interest in the annuity proceeds.

4.    The trial court's application of La.R.S. 22:658 and La.R.S. 22:1220 to a contract of annuity.

5.    The trial court's finding that Stanley is entitled to an award of penalties and attorney's fees under La.R.S. 22:658.

6.    The trial court's finding that Stanley is entitled to an award of penalties and attorney's fees under La.R.S. 22:1220.

7.    The trial court's finding that it was arbitrary or capricious in refusing to tender payment to Stanley.

**LAW**

On appeal, summary judgments are reviewed de novo. *Magnon v. Collins*, 98-2822 (La. 9/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist

and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and ©). This means that judgment should be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist.

Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. In deciding whether certain facts are material to an action, we look to the applicable substantive law. *Id.* Finally, summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

It is undisputed that the contract filled out and signed by John, Sr., and Jessie Mae, designated Stanley as the primary beneficiary. However, United argues that once John Sr. died, Jessie Mae became the primary beneficiary with Stanley and John, Jr. becoming co-contingent beneficiaries.

On page three of the contract Beneficiary is defined:

BENEFICIARY- the person(s) or other legal entity listed by the owner in the application referred to in this policy as the named beneficiary. In the case of joint owners, the surviving joint owner is the primary beneficiary and the named beneficiary is the contingent beneficiary. If the named beneficiary does not survive the owner or annuitant, the estate of the owner or the annuitant is the beneficiary.

On page four of the contract is a section titled, "Owner, Joint Owner,

3

Annuitant and Beneficiary." The section titled "Death of Owner, Joint Owner" states:

> Prior to the annuity starting date upon the death of the owner or joint owner, the policy will end and the sum payable at death will be paid to the beneficiary.

> If there are joint owners, the surviving joint owner shall be the beneficiary regardless of whether a beneficiary was named on the application. If both joint owners die simultaneously, the sum payable at death will be paid to the named beneficiary.

> . . . .

> *If the beneficiary is the surviving spouse, the spouse may either receive the sum payable at death and the policy will end or* **the spouse may continue the policy in force as the owner.**

"When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046. In *Cadwallader v. Allstate Insurance Co.,* p. 2 (La. 6/27/03), 848 So.2d 577, 580, the Louisiana Supreme Court recently stated:

> Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. *See* La.Civ. Code art. 2047: *Peterson v. Schimek,* 98-1712, p. 5 (La.3/2/99), 729 So.2d 1024, 1028-29; *Carbon,* 719 So.2d at 440-441; *Reynolds,* 634 So.2d at 1183. An insurance contract, however, should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms or achieve an absurd conclusion. *Carrier v. Reliance Ins. Co.,* 99-2573, p. 11 (La.4/11/00), 759 So.2d 37, 43; *Peterson,* 729 So.2d at 1029. The rules of construction do not authorize a perversion of words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clearness the parties' intent. *Succession of Fannaly v. Lafayette Ins. Co.,* 01-1355, p. 4 (La.1/15/02); 805 So.2d 1134, 1138; *Peterson,* 729 So.2d at 1029.

> . . . .

> If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as

written. *Fannaly*, 805 So.2d at 1137; *Louisiana Ins.,* 630 So. 2d at 764. Courts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms. *Peterson,* 729 So.2d at 1029; *Louisiana Ins.,* 630 So.2d at 764. The determination of whether a contract is clear or ambiguous is a question of law. *Louisiana Ins.,* 530 So.2d at 764.

We find there is no genuine issue of fact that Jessie Mae was the owner of the policy and that Stanley was the primary beneficiary. Upon John, Sr.'s death, Jessie Mae became the beneficiary. At that point, she could have cashed out the policy and received the funds. However, because she did not, pursuant to United's own contractual terms, Jessie Mae continued the "policy in force as the owner." We agree with Stanley that United's argument that Jessie Mae was the beneficiary upon her death is unreasonable. United's argument that Jessie Mae was the primary beneficiary and Stanley and John, Jr. were co-contingent beneficiaries strains the very plain and unambiguous wording of the contract. Moreover, United suggests that Jessie Mae was the owner *and* the primary beneficiary, thus rendering its tender to her estate upon her death appropriate. We disagree. Clearly, when John, Sr. and Jessie Mae purchased the annuity they intended for Stanley to be the primary beneficiary. The contract states that, if the surviving joint owner does not end the policy, then it continues in force. Thus, the policy continued in force with Stanley as the primary beneficiary upon Jessie Mae's death. Therefore, Stanley was entitled to the funds upon her death. Accordingly, summary judgment in favor of Stanley on this issue was appropriately granted.

## ATTORNEY'S FEES AND PENALTIES

At the conclusion of the trial, the trial court orally stated that Stanley was entitled to claim penalties and attorney's fees pursuant to La.R.S. 22:658 and La.RS.

5

22:1220.[1]  However, in its judgment, the trial court stated:

> STILL FURTHER ORDERED, ADJUDGED AND DECREED that *plaintiff's entitlement to claim penalties and attorney's fees* against defendant be and hereby is reserved, pending motion to establish same[.]

United argues that neither of these provisions apply to an annuity contract, which is not an insurance policy, that these provisions do not apply to third parties to a contract, which Stanley is, and that the requisites for assessing penalties and attorney's fees were not met.  Stanley urges that this issue is not properly before this court and we agree.  Clearly, the judgment reserves Stanley's right to claim that he is due penalties and attorney's fees.  The issues of whether he is entitled to them and whether United acted in an arbitrary and capricious manner in handling his request for payment have not been adjudicated.  Thus, there is no final judgment as the merits were not addressed and it is premature on appeal.  *See* La.Code Civ.P. art. 2083.  This assignment of error is, therefore, dismissed.

**CONCLUSION**

The summary judgment granted in favor of the plaintiff-appellee, Stanley J. Earthly, and against the defendant-appellant, United of Omaha Life Insurance Company, is affirmed.  Costs of this appeal are assessed to United.

**AFFIRMED.**

---

[1]La.R.S. 22:1220 authorizes an insurer to be penalized for late payments "when such failure is found to be arbitrary, capricious, or without probable cause."  La.R.S. 22:658(B)(1) authorizes the collection of attorney's fees when an insurer is found to be in bad faith for failure to pay.

6