969 So.2d 681 (2007)
Terrance McGUIRE, et al.
v.
AMERICAN SOUTHERN HOME INSURANCE COMPANY.
No. 2007-CA-0810.
Court of Appeal of Louisiana, Fourth Circuit.
October 10, 2007.
*683 T. Gregory Schafer, Schafer & Schafer, New Orleans, LA, for Plaintiff/Appellant.
Matthew A. Woolf, Baker Donelson Bearman Caldwell & Berkowitz, PC, New Orleans, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge MAX N. TOBIAS JR., Judge DAVID S. GORBATY, Judge ROLAND L. BELSOME).
DAVID S. GORBATY, Judge.
This appeal involves the denial of a property insurance claim arising out of Hurricane Katrina. The plaintiffs, Terrance and Hyacinth McGuire ("the McGuires"), appeal the trial court's granting of a motion for summary judgment in favor of the defendant, American Southern Home Insurance Company ("American Southern"). For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY:
The McGuires are the owners of a piece of property located at 2200 Pauger Street in New Orleans, Louisiana. In July of 2005, American Southern issued an insurance policy for the vacant building located on the property. On or about August 29, 2005, the building sustained wind damage from Hurricane Katrina. American Southern denied the McGuires' insurance claim on the basis that the policy excluded coverage for wind damage.[1]
The McGuires filed the instant lawsuit against American Southern and against Lopez and Lopez Insurance, L.L.C. ("Lopez"), the agency which sold the policy to the McGuires.[2] In response, American Southern filed a motion for summary judgment seeking dismissal of the McGuires' claims. The trial court granted American Southern's motion for summary judgment on March 15, 2007, finding: "the policy of insurance issued to Plaintiffs by Defendants is clear and unambiguous in its exclusion of windstorm coverage, and further finding that there is no coverage under said policy for the damages allegedly sustained by Plaintiffs. . . ." On appeal, the McGuires assert that trial court erred in finding that the policy unambiguously excluded coverage for wind damage.
DISCUSSION:
The law applicable to the review of a grant or denial of a motion for summary judgment, and to the proper interpretation of an insurance policy, was recently discussed by the Louisiana Supreme Court in Bonin v. Westport Ins. Corp., 2005-886 (La.5/17/06), 930 So.2d 906, as follows:
A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). This court reviews a grant or denial of a motion for summary judgment de novo, Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La. 1991). Thus, this court asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Robinson v. Heard, 01-1697, pp. 3-4 (La.2/26/02), 809 So.2d 943, 945.

*684 Interpretation of an insurance policy usually involves a legal question which can be resolved properly in the framework of a motion for summary judgment. Robinson, 01-1697 at p. 4, 809 So.2d at 945. An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Cadwallader v. Allstate Ins. Co., 02-1637, p. 3 (La.6/27/03), 848 So.2d 577, 580; Louisiana Ins. Guar. Ass'n v. Interstate Fire Casualty Co., 93-0911, p. 5 (La.1/14/94), 630 So.2d 759, 763. The judicial responsibility in interpreting insurance contracts is to determine the parties' common intent. La. C.C. art.2045; Louisiana Ins. Guar. Ass'n, 93-0911 at p. 5, 630 So.2d at 763; Garcia v. St. Bernard Parish School Board, 576 So.2d 975, 976 (La.1991). Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. La. C.C. art.2047; Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carbon v. Allstate Ins. Co., 97-3085, p. 4 (La.10/20/98), 719 So.2d 437, 439.
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Carrier v. Reliance Ins. Co., 99-2573, pp. 11-12 (La.4/11/00), 759 So.2d 37, 43 (quoting Louisiana Ins. Guar. Ass'n, 93-0911 at p. 5, 630 So.2d at 763). Unless a policy conflicts with statutory provisions or public policy, it may limit an insurer's liability and impose and enforce reasonable conditions upon the policy obligations the insurer contractually assumes. Carbon, 97-3085 at p. 5, 719 So.2d at 440; Louisiana Ins. Guar. Ass'n, 93-0911 at p. 6, 630 So.2d at 763. If after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer and in favor of coverage. Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carrier, 99-2573 at p. 12, 759 So.2d at 43-44. Under this rule of strict construction, equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer. Louisiana Ins. Guar. Ass'n, 93-0911 at p. 6, 630 So.2d at 764; Garcia, 576 So.2d at 976. That strict construction principle, however, is subject to exceptions. Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carrier, 99-2573 at p. 12, 759 So.2d at 43-44. One of these exceptions is that the strict construction rule applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations. Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carrier, 99-2573 at p. 12, 759 So.2d at 43-44. For the rule of strict construction to apply, the insurance policy must be not only susceptible to two or more interpretations, but each of the alternative interpretations must be reasonable. Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carrier, 99-2573 at p. 12, 759 So.2d at 43-44.
Bonin, 05-0886 at p. 4-6, 930 So.2d at 910-911. See also Huggins v. Gerry Lane Enterprises, Inc., 2006-2816, 2006-2843, pp. 2-3 (La.5/22/07), 957 So.2d 127, 128-129.
In the present case, it is undisputed that the policy provides a wind damage exclusion on three separate pages, as follows: 1) The Declarations Page states in all capital letters: "* *THIS POLICY DOES NOT INCLUDE COVERAGE FOR WINDSTORM OR HAIL* *"; 2) Endorsement DE105, entitled "WINDSTORM *685 OR HAIL EXCLUSION," states: "For a premium credit, we do not insure for loss caused directly or indirectly from windstorm or hail."; 3) Endorsement 72047 states in bold and large print:
IMPORTANT NOTICEPLEASE READ CAREFULLY THIS POLICY DOES NOT INCLUDE COVERAGE FOR WINDSTORM OR HAIL.
The McGuires first assert that ambiguity is created when the Declarations Page is read in conjunction with Endorsement DE105. More specifically, they argue that Endorsement DE105 provides "for a premium credit" wind damage is not covered, but the Declarations Page does not reflect whether the credit was actually received, thereby creating a conflict. We disagree. The language contained in the Declarations Page and Endorsement DE105 is not conflicting. The fact that the Declarations Page does not contain an itemization of the premium credit does not create ambiguity. As American Southern contends, there was no legal obligation to indicate on the Declarations Page what the premium would have been if wind coverage existed, and then show the mathematical subtraction for the credit. The fact remains that the McGuires were not charged for wind coverage.
It is also quite clear that Endorsement 72047 excludes coverage for wind damage without any reference to the premium credit. The McGuires do not argue, nor do we find, that Endorsement 72047 conflicts with any other provision of the policy. Moreover, it is unreasonable to suggest that these endorsements were attached to the policy but were somehow inapplicable or ineffective. As provided by La. C.C. art.2050, "[E]ach provision of a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." In this case, the endorsements, when read in conjunction with the policy as a whole, clearly exclude coverage for wind damage.
Finally, the McGuires submit that the Declarations Page is ambiguous because the double asterisks placed on either side of the statement: "* *THIS POLICY DOES NOT INCLUDE COVERAGE FOR WINDSTORM OR HAIL* *" are confusing because they do not appear anywhere within the description of the coverages provided. The McGuires argue that in light of the absence of asterisks within the section setting forth the coverage afforded, an insured could reasonably assume that the coverage provided was not subject to the wind exclusion. American Southern counters that the asterisks serve only to emphasize the text between them, and that is why there is no corresponding demarcation elsewhere on the Declarations Page. Moreover, American Southern asserts that the statement on the Declarations Page clearly alerts the insured that nowhere in the policy is there coverage for wind damage.
After a thorough reading of the Declarations Page, we do not find that the asterisks create ambiguity. As the Supreme Court stated in Cadwallader, 02-1637 at pp. 3-4, 848 So.2d at 580, "the rules of construction do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists." Applying the established rules of construction, we conclude that the argument set forth by the McGuires is not a reasonable interpretation of the policy.
CONCLUSION:
For the foregoing reasons, we agree with the results reached by the trial court. Accordingly, the judgment granting the *686 motion for summary judgment in favor of American Southern is affirmed.
AFFIRMED.
NOTES
[1] As stated by affidavit, American Southern does not provide windstorm coverage for vacant properties in Orleans Parish.
[2] Lopez is not involved in this appeal.