EDWIN A. LOMBARD, Judge.
|,The plaintiff, Stanley Szymanski, appeals the summary judgment rendered in favor of defendant American Modern Home Insurance Company (American Modern). After de novo review, we find that American Modern is entitled to judgment as a matter of law and affirm the judgment of the trial court.

Relevant Facts

On or about June 27, 2010, the plaintiff was allegedly injured while being pulled on an inflatable tube by a jet ski. He filed this lawsuit on June 6, 2011, naming as defendants American Modern, Lake Pon-chartrain Properties, L.L.C., d/b/a Joe Rugs Water Adventures, Joe Hauter (a resident of Louisiana), and Kevin Hauter (a resident of New York). On August 2, 2012, American Modern filed its answer and motion for summary judgment. The plaintiff filed his opposition to the motion for summary judgment on September 8, 2011. On September 21, 2011, the trial court found that the insurance policy at issue was clear and unambiguous in its exclusion of watersports liability coverage for bodily injury arising out of watersports and granted summary judgment, dismissing American Modern with prejudice. The plaintiff appeals this judgment.

|¾Applicable Law

On appeal, a summary judgment is reviewed de novo, “using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; ie. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.” Samaha v. Rau, 07-1726, pp. 3—4 (La.2/26/08), 977 So.2d 880, 882-883.
Summary judgment is proper “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. art. 966(B). The mover has the initial burden of producing evidence in support of its motion and can ordinarily meet this burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s case. Schultz v. Guoth, 10-0343, p. 4 (La.1/19/11), 57 So.3d 1002, 1006 (citing Samaha, supra, p. 4, 977 So.2d at 883). “At that point, the party who bears the *745 burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates that he or she will be able to meet the burden at trial.... Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of material factual dispute mandates the granting of the motion.” Id. (citations omitted).
Generally, interpretation of an insurance policy is properly resolved within the framework of a motion for summary judgment. McGuire v. American Southern Home Ins. Co., 07-0810, p. 2 (La.App. 4 Cir. 10/10/07), 969 So.2d 681, 684 (cita tion omitted). Because an insurance policy is a contract between parties, it is construed using the general rules of interpretation of contracts set forth | sin the Civil Code. Id. at 2-3; 969 So.2d at 684 (citations omitted). Accordingly, as with any contract, the interpretation of an insurance contract is “the determination of the common intent of the parties.” La. Civ.Code art. 2045. “Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.” La. Civ.Code art. 2050. Likewise, “[although a contract is worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include.” La. Civ.Code art. 2051. Further, “an insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms.... ” McGuire, supra, p. 3, 969 So.2d at 681 (citation omitted).

Discussion

On motion for summary judgment, American Modern points out that the alleged jet ski accident is not covered under its Commercial Marine insurance policy because the terms of the policy clearly exclude bodily injury arising out of a wa-tersport accidents. In support of its motion, American Modern submits a copy of the policy at issue.
In response, the plaintiff argues that liability for watersports is insured under the policy because it states that coverage does not apply to bodily injury arising out of “watersports accidents unless ‘Waters-ports Liability’ is shown on the Declaration” and page 1 of the Commercial Marine Policy Common Policy Declarations includes a reference to “Watersports Liability.” Thus, according to the plaintiff, the insurance policy covers the alleged injury and American Modern is not entitled to summary judgment.
|4In its reply brief, American Modern notes that the plaintiff is not its insured, nor has its insured made a claim for liability coverage or otherwise indicated a belief that the American Modern policy provides coverage for the accident at issue. Thus, as the only party to the insurance policy involved in this litigation (and therefore the only party with knowledge of the intent of the parties), American Modern asserts that it is undisputed that (1) the insured did not purchase watersports liability coverage from American Modern and (2) American Modern did not charge the insured for watersports liability coverage.
Our review of the insurance policy # 077CM10496000 issued by American Modern to Joe Rugs Water Adventures indicates that there is (as the plaintiffs alleges) a reference to “Watersports Liability” on page 1 of the Commercial Marine Policy Common Policy Declaration but, unlike the other “Coverage B” listings (Liability-Each Person, Liability-Property Damage, and Liability-Each Accident which each indicate a $1,000,000 limit), *746 there is no limit indicated on page 1 with reference to “Watersports Liability.” More specifically, page 2 of the Commercial Marine Common Policy Declarations Page clearly indicates that Watersport Liability is “EXCLUDED” with regard to the 1994 Polaris jet ski insured under the policy. Thus, it is clear that watersports liability was excluded from coverage under the policy and that the parties to the policy did not intend for the policy to include coverage for watersports liability. Accordingly, there is no genuine issue of material fact in dispute and American Modern is entitled to summary judgment as a matter of law.

Conclusion

After de novo review, we affirm the judgment of the trial court.
AFFIRMED.