STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-401


TRAVIS J. HAAS

VERSUS

RYAN S. ROMERO, ET AL.

**********


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 102,614-H
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

**********


ELIZABETH A. PICKETT
JUDGE

**********


Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese,
Judges.


REVERSED AND RENDERED.


Jerry A. Oubre
Caffery, Oubre, Campbell & Garrison, LLP
P. O. Drawer 12410
New Iberia, LA 70562-2410
Counsel for Defendants/Appellants:
    Rodney P. Leleux and
    Louisiana Farm Bureau Casualty Ins. Co.


Michael G. Gee
Attorney at Law
211 West 5th Street
Thibodaux, LA 70301
Counsel for Defendant/Appellant:
    Louisiana Farm Bureau Casualty Ins. Co.

**John W. Penny  Jr.**
**Penny and Hardy, P.L.C.**
**P. O. Box 2187**
**Lafayette, LA 70502-2187**
**Counsel for Defendant/Appellee:**
       **Ryan S. Romero**

**Matthew D. McConnell**
**Preis, Kraft & Roy**
**P. O. Drawer 94-C**
**Lafayette, LA 70509**
**Counsel for Plaintiff/Appellee:**
       **Travis J. Haas**

**PICKETT, Judge.**

<u>APPEAL</u>

Farm Bureau Insurance Company appeals a judgment of the trial court finding that each of six policies issued to the Leleux family provides coverage if the court finds that Rodney Leleaux was driving the vehicle which was involved in this accident.

<u>STATEMENT OF THE CASE</u>

Ryan Romero, Rodney Leleaux, and Travis Haas were traveling in a Ford pickup truck owned by Courtney Romero when the vehicle was involved in an accident. Either Rodney Leleaux or Ryan Romero was driving the truck, though each denies that he was driving, and Travis Haas was a passenger. Haas sustained serious injuries. He filed suit against Ryan Romero, as driver of the truck, and Courtney Romero, as owner of the truck, and their insurer, Allstate Insurance Company, and alternatively, Rodney Leleux, as driver of the truck, and his insurer, Farm Bureau Insurance Company.

Farm Bureau filed A Motion for Summary Judgment seeking a ruling that in the event Rodney Leleux was the driver of the truck, only the policy issued in his name, and not any of the policies issued to members of his family with whom he lived, provided coverage pursuant to the "Other Insurance" clause in the policies. The plaintiff filed an opposition to the Motion for Summary Judgment, which the parties agreed would serve as a Cross Motion for Summary Judgment. Following a hearing, the trial court found in favor of Travis Haas, ruling that if Rodney Leleux is found to have been the driver of the vehicle at the time of the accident, all six of the policies issued by Farm Bureau to the Leleux family provide coverage. Farm Bureau

1

now appeals.

## ASSIGNMENT OF ERROR

Farm Bureau asserts one assignment of error:

The trial court erred in finding that the other Leleux family household automobile insurance policies issued by Louisiana Farm Bureau Casualty Insurance Company provide overlapping liability coverage for Plaintiff's claims.

## DISCUSSION

"Appellate courts review summary judgments *de novo* under the same criteria

that govern the trial court's consideration of whether judgment is appropriate."

*Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342, 345 (La.1991).

The mover is entitled to judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with supporting affidavits, if any,

show there is no genuine issue of material fact, and the mover is entitled to judgment

as a matter of law." La.Code Civ.P.art. 966(B).

The supreme court discussed the rules for interpreting an insurance contract in

*Cadwallader v. Allstate Ins. Co.*, 02-1637, pp. 3-4 (La.6/27/03), 848 So.2d 577, 580:

> An insurance policy is a contract between the parties and should be construed by issuing the general rules of interpretation of contracts set forth in the Louisiana Civil Code. *Carbon v. Allstate Ins. Co.*, 97-3085, p. 4 (La.10/20/98), 719 So.2d 437,439; *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-0911, p. 5 (La.1/14/94), 630 So.2d 759, 763. The judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract. *See* La. Civ. Code art. 2045; *Carbon*, 719 So.2d at 439; *Louisiana Ins.*, 630 So.2d at 763.

> Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. *See* La. Civ[.]Code art. 2047; *Peterson v. Schimek*, 98-1712, p. 5 (La.3/2/99), 729 So.2d 1024, 1028-29; *Carbon*, 719 So.2d at 440-441; *Reynolds* [*v. Select Properties, Ltd.*, 93-1480 (La. 4/11/94)], 634 So.2d [1180,] 1183. An insurance contract, however, should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to

2

restrict its provisions beyond what is reasonably contemplated by unambiguous terms or achieve an absurd conclusion. *Carrier v. Reliance Ins. Co.,* 99-2573, p. 11 (La.4/11/00), 759 So.2d 37, 43; *Peterson*, 729 So.2d at 1029. The rules of construction do not authorize a preversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clearness the parties' intent. *Succession of Fannaly v. Lafayette Ins. Co.*, 01-1355, p. 4 (La. 1/15/02), 805 So.2d 1134, 1138; *Peterson*, 729 So.2d at 1029.

Ambiguous policy provisions are generally construed against the insurer and in favor of coverage. La. Civ.Code art. 2056; *Carrier*, 759 So.2d at 43; *Louisiana Ins.,* 630 So.2d at 764. Under this rule of strict construction, equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer. *Carrier*, 759 So.2d at 43. This strict construction principal applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations; for the rule of strict construction to apply, the insurance policy must be not only susceptible to two or more interpretations, but each of the alternative interpretations must be reasonable. *Carrier*, 759 So.2d at 43-44, (emphasis in original); *Louisiana Ins.* 630 So.2d at 770.

If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written. *Fannaly*, 805 So.2d at 1137; *Louisiana Ins.*, 630 So.2d at 764. Courts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms. *Peterson*, 729 So.2d at 1029; *Louisiana Ins.*, 630 So2d at 764. The determination of whether a contract is clear or ambiguous is a question of law. *Louisiana Ins.,* 630 So.2d at 764.

Farm Bureau argues that its policy issued to Rodney Leleux provides excess coverage to the Allstate policy issued on the Romero vehicle. Farm Bureau further argues the clear language of the policy at issue limits the company's liability by providing that if there is more than one policy applicable to an insured, only one policy will become excess. We agree.

The Farm Bureau policy clearly provides coverage for the use of other automobiles, as they admit. The policy sets forth the following language on page 26 of the policy under a clause entitled "Other Insurance":

**Coverages A,B,C,D, and E.** If the insured has other insurance against

a loss covered by this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated on the declarations bear to the total applicable limit of liability of all valid and collectible insurance against such loss. Any coverage provided by this policy shall extend to "temporary substitute automobiles" or rental private passenger automobiles. Such insurance shall be primary, unless the insured has purchased insurance for the "temporary substitute automobile" or rental private passenger automobile, in which case, this insurance will be excess. **However, if the insured has more than one automobile insured in the Company, then only one policy will become excess.** (Emphasis ours)

An "insured" is defined in the policy as follows:

> Under Coverages A and B, the unqualified word "insured"
> means the named insured and any resident of the same
> household.

We find the terms of the Farm Bureau policy clearly limit Farm Bureau's liability to coverage under one policy only as excess coverage. The trial court erred in determining that the five other Farm Bureau policies issued to the other members of the Leleux household also provide coverage.

Accordingly, the judgment of the trial court is reversed, and Summary Judgment is granted in favor of Farm Bureau's limiting it's liability to the policy issued in Rodney Leleux's name, should he be determined to be the driver of the vehicle. All costs of this appeal are assessed against the plaintiff/appellee, Travis J. Hass.

**REVERSED AND RENDERED.**