# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 11-0809

**MARK GLENN FENN AND**
**MRS. TIFFANY FENN**

**VERSUS**

**COLONY INSURANCE COMPANY, L.G. ENTERPRISES, LLC**
**D/B/A CHEROKEE CLUB AND**
**BRANDON JOHNSON**

* * * * * * * *

TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 83629-DIV. A
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

* * * * * * * *

**JIMMIE C. PETERS**
**JUDGE**

* * * * * * * *

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Jimmie C. Peters and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Bobby L. Culpepper**
**Culpepper & Carroll, PLLC**
**525 East Court Avenue**
**Jonesboro, LA 71251**
**(318) 259-4184**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Mark Glenn Fenn**
    **Tiffany Fenn**

**Rodney J. LaCoste, Jr.**
**Perrier & LaCoste, LLC**
**365 Canal St., Suite 2550**
**New Orleans, LA 70130**
**(504) 212-8820**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Colony Insurance Company**

**Mark A. Begnaud**
**McCoy, Roberts & Begnaud, Ltd.**
**300 Saint Denis Street**
**Natchitoches, LA 71458-1369**
**(318) 352-6495**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **L. G. Enterprises, LLC d/b/a Cherokee Club**
    **Brandon Johnson**

PETERS, J.

This appeal is from a summary judgment interpreting insurance coverage. The plaintiffs in this litigation, Mark Glen Fenn and his wife, Tiffany Fenn, appeal the trial court's grant of a summary judgment in favor of Colony Insurance Company that dismissed the insurance company from this litigation. For the following reasons, we affirm that judgment in all respects.

## DISCUSSION OF THE RECORD

This litigation arises from a physical altercation that occurred at the Cherokee Club in Natchitoches Parish, Louisiana, on February 20, 2010. In that altercation, Mr. Fenn sustained serious bodily injuries when he was stabbed with a knife a number of times by another patron of the Club, Brandon Johnson. The plaintiffs brought suit to recover the damages they sustained and named as defendants Mr. Johnson; L. G. Enterprises, L.L.C., the owner of the Cherokee Club; and Colony Insurance Company (Colony), the Cherokee Club's liability insurer. In their petition, the plaintiffs asserted that L. G. Enterprises was negligent in the following respects:

1. Failure to protect its business invitees from harm and injury;
2. Acts of negligence on the part of the bouncer employed by the Cherokee Club;
3. Failure to intervene in order to stop the battery being committed by Brandon Johnson;
4. Failing to properly supervise its personnel;
5. Failure to properly train bouncer and security personnel;
6. Allowing Brandon Johnson to drink excessively;
7. Other acts of negligence which will be shown on trial hereof.

L. G. Enterprises initially responded to the suit by filing an answer generally denying that it was liable to the plaintiffs for the damages sustained and by filing a cross-claim against Mr. Johnson. When Colony's subsequent answer to the plaintiffs' suit contained an assertion that its policy did not provide coverage for the February 20, 2010 incident, L. G. Enterprises filed a cross-claim against

Colony seeking to require Colony to provide coverage and to provide a defense to the plaintiffs' suit. Colony responded by filing the motion for summary judgment at issue in this appeal, wherein it asserted that the insurance policy issued to L.G. Enterprises provided no coverage for the plaintiffs' damages. In making this argument, Colony relied on three provisions of the policy.

The first is the assault and battery exclusion, which reads as follows:

### ASSAULT, BATTERY OR ASSAULT AND BATTERY EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERGE PART
**A. SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions and SECTION 1 – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions** are amended and the following added:

**Assault, Battery or Assault and Battery**

This insurance does not apply to damages or expenses due to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:

**(1)** "Assault", "Battery" or "Assault and Battery" committed by any person;

**(2)** The failure to suppress or prevent "Assault", "Battery" or "Assault and Battery" by any person;

**(3)** The failure to provide an environment safe from "Assault", "Battery" or "Assault and Battery";

**(4)** The failure to warn of the dangers of the environment which could contribute to "Assault", "Battery" or "Assault and Battery";

**(5)** "Assault", "Battery" or "Assault and Battery" arising out of the negligent hiring, supervision, or training of any person;

**(6)** The use of any force to protect persons or property whether or not the "bodily injury" or "property damage" or "personal and advertising injury" was intended from the standpoint of the insured or committed by or at the direction of the insured.

**B. SECTION V – DEFINITIONS** is amended and the following is added:

"Assault" means:

2

**a.** an act creating an apprehension in another of immediate harmful or offensive contact or

**b.** an attempt to commit a "Battery".

"Battery" means an act which brings about harmful or offensive contact to another or anything connected to another.
"Assault and Battery" means the combination of an "Assault" and a "Battery".

The policy also includes an endorsement that expressly excludes from coverage bodily injury for which L. G. Enterprises may be held liable for contributing to the intoxication of another person:

## TOTAL LIQUOR LIABILITY EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, c.** is deleted and replaced with the following:

This insurance does not apply to:

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)** Causing or contributing to the intoxication of any person;

**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

Finally, the policy includes another endorsement that expressly excludes from coverage bodily injury arising out of or resulting from the use of a lethal weapon:

## WEAPONS EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** is amended and the following added:

3

**Use of Weapons**
This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from the possession, ownership, maintenance, use of or threatened use of a lethal weapon, including but not limited to firearms by any person.

After a February 13, 2011 hearing, the trial court concluded that "the policy excludes the coverage for the allegations under the petition" and granted Colony's motion for summary judgment. On March 21, 2011, the trial court executed a judgment dismissing Colony from all aspects of the litigation. In their sole assignment of error, the plaintiffs assert that the trial court erred as a matter of law in granting the summary judgment. L. G. Enterprises did not appeal the judgment. Instead, it filed a brief in its capacity as a defendant-appellee wherein it attempted to argue that regardless of the coverage issue, Colony owed it a defense.[1]

## OPINION

Appellate courts are to review grants of summary judgment *de novo*, and in doing so, we are to use the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, that is, whether there exists a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Ocean Energy, Inc. v. Plaquemines Parish Gov't*, 04-66 (La. 7/6/04), 880 So.2d 1. In this case, there is no genuine issue of material fact, and the litigants agree that the coverage issue is a matter of interpretation of the policy.

> An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. "Ambiguous policy provisions generally are to be construed against the insurer and in favor of coverage." *Carrier v. Reliance Ins. Co.*, 99-2573, p. 12 (La.4/11/00), 759 So.2d 37, 43. "[E]quivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer." *Id.* . . . [F]or strict construction to apply, the insurance policy must not only

---

[1] In its brief L. G. Enterprises argues that regardless of the coverage issue, Colony owed it a defense. However, L. G. Enterprises did not file an answer to the appeal, as required under La.Code Civ.P. art. 2133. Filing a brief does not satisfy the article's requirements. *Brewington v. La. Dep't of Corr.*, 447 So.2d 1184 (La.App. 3 Cir.), *writ denied*, 449 So.2d 1348 (La.1984). Accordingly, we do not address that issue.

4

be susceptible to two or more interpretations, but also each of the alternative interpretations must be reasonable.

*Devillier v. Alpine Exploration Companies, Inc.*, 06-770, p.11 (La.App. 3 Cir. 12/29/06), 946 So.2d 738, 745, *writ denied*, 07-191 (La. 3/23/07), 951 So.2d 1105 (first alteration in original).

Whether or not a policy is ambiguous is a question of law. *La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-911 (La. 1/14/94), 630 So.2d 759.

On appeal, the plaintiffs concede that the trial court was correct in concluding that their third and sixth negligence assertions were excluded from coverage by Colony's contract of insurance. However, they assert that the trial court erred in finding the first, second, fourth, and fifth negligence assertions are also precluded by the exclusions in Colony's policy.

The plaintiffs' first claim of negligence is based on L. G. Enterprises' failure to protect its business invitee – Mr. Fenn – from harm and injury. However, in its "assault, battery or assault and battery exclusion," the insurance policy expressly excludes recovery for damages that arise out of the failure to prevent or suppress a battery.

The plaintiffs' second claim of negligence is based on the bouncer's actions that night. But again, the insurance policy rules out coverage for any damages resulting from the failure to provide an environment safe from battery or the failure to suppress or prevent a battery.

The plaintiffs' fourth and fifth claims of negligence are based on L. G. Enterprise's failure to properly supervise its personnel and its failure to properly train its bouncer and security personnel. However, Colony's insurance policy states that it does not provide coverage for damages due to bodily injury arising out of a battery caused by its "negligent hiring, supervision, or training of any person."

5

Our *de novo* review of the record leads us to the conclusion that the trial court did not err in finding that Colony's insurance policy provides no coverage for any of the plaintiffs' claims.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of Colony Insurance Company that dismissed all claims against it by the plaintiffs, Mark Glenn Fenn and Tiffany Fenn, and by the defendant, L. G. Enterprises. We assess the costs of this appeal equally to Mark Glenn Fenn and Tiffany Fenn.

**AFFIRMED.**