STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-841


NATHAN LOPEZ AND OLIVIA LOPEZ

VERSUS

LOUISIANA CITIZENS PROPERTY
INSURANCE CORPORATION


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2016-1269
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and Jonathan W. Perry, Judges.


AFFIRMED.


Eric T. Haik
Haik, Minvielle & Grubbs, LLP
Post Office Box 11040
New Iberia, Louisiana 70562-1040
(337) 365-5486
Counsel for Defendant/Appellant:
    Louisiana Citizens Property Insurance Corporation

Michael G. Hodgkins
Julia Love Taylor
Veron, Bice, Palermo & Wilson, L.L.C.
Post Office Box 2125
Lake Charles, Louisiana 70602
(337) 310-1600
Counsel for Plaintiffs/Appellees:
    Nathan Lopez
    Olivia Lopez

**KEATY, Judge.**

Defendant/Appellant, Louisiana Citizens Property Insurance Corporation, appeals the trial court's judgment in favor of Plaintiffs/Appellees, Nathan and Olivia Lopez, on the issue of insurance coverage. For the following reasons, the trial court's judgment is affirmed.

### FACTS AND PROCEDURAL HISTORY

This litigation arises from a February 8, 2016 theft involving a 2008 John Deere 4 X 4 Tractor, John Deere 521 Loader, and attachments (hereinafter collectively referred to as "tractor") which were located in a storage building at 4125 Fruge Street in Iowa, Louisiana. The tractor belonged to Nathan and Olivia Lopez (hereinafter collectively referred to as the "Lopezes"). At the time of the theft, the Lopezes had in effect a Dwelling/Builders Risk Policy ("policy") issued by Louisiana Citizens Property Insurance Corporation ("LCPIC"). At issue in this matter is whether the policy provided coverage for the theft of the tractor.

The record before us reveals that prior to the instant lawsuit, the Lopezes submitted two claims to LCPIC for the actual cash value of the tractor. Both claims were denied on February 11, 2016 and March 21, 2016, respectively. The reason asserted by LCPIC for those denials was that "theft" was not one of the named "Perils Insured Against" in the policy. On March 29, 2016, the Lopezes filed the instant Petition for Damages against LCPIC for the actual cash value of the tractor along with interest and all costs of the proceedings. They further sought penalties for LCPIC's alleged violation of La.R.S. 22:1973 and La.R.S. 22:1892 along with attorney's fees and costs. After LCPIC filed an answer, both parties filed cross motions for summary judgment on the issue of coverage. A hearing on both motions occurred on December 6, 2016, after which the trial court granted summary judgment in favor of the Lopezes and denied the cross motion for summary judgment

filed by LCPIC. The basis of the trial court's ruling was that the policy language was ambiguous. Thereafter, LCPIC filed a writ with this court which was subsequently denied in the unpublished opinion entitled *Lopez v. Louisiana Citizens Property Insurance Corp.*, 17-336 (La.App. 3 Cir. 6/2/17). The matter proceeded to trial on the merits on May 31, 2018, after which the trial court orally ruled in favor of the Lopezes. A written judgment in accordance with the trial court's ruling was issued on June 4, 2018. It is from this judgment that LCPIC appeals.

On appeal, LCPIC asserts the following assignments of error:

A.   The District Court erred in its interpretation of the insurance policy and the applicable law by holding that "Theft" would be covered under the instant policy.

B.   The District Court erred in its ruling that the policy of insurance was ambiguous and that the phrase "if not otherwise covered" extended coverage for theft.

## STANDARD OF REVIEW

"The determination of whether a contract is clear or ambiguous is a question of law." *Edwards v. Daugherty*, 03-2103, 03-2104, pp. 12-13 (La. 10/1/04), 883 So.2d 932, 941. As such, the applicable standard of review is whether the trial court was legally correct. *Cloud v. Nat'l Auto. Ins. Co.*, 03-1438 (La.App. 3 Cir. 5/26/04), 875 So.2d 866, *writ denied*, 04-2025 (La. 11/8/04), 885 So.2d 1131.

## DISCUSSION

On appeal, LCPIC's assignments of error address the interpretation of certain language in the policy at issue. In Louisiana, this court has enunciated the following principles to be used when interpreting policies of insurance, as follows:

> In analyzing insurance [policies], certain elementary legal principles apply. First and foremost is the rule that an insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. *LeBlanc v. Aysenne*, 05-0297, p. 3 (La.1/19/06), 921 So.2d 85, 89; *Edwards v. Daugherty*, 03-2103, p. 11

2

(La.10/1/04), 883 So.2d 932, 940; *Cadwallader v. Allstate Insurance Co.*, 02-1637, p. 3 (La.6/27/03), 848 So.2d 577, 580; *Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Co.*, 93-0911, p. 5 (La.1/14/94), 630 So.2d 759, 763.

According to those rules, the responsibility of the judiciary in interpreting insurance contracts is to determine the parties' common intent. *See*, LSA-C.C. art. 2045; *Edwards*, 03-2103, p. 11, 883 So.2d at 940; *Cadwallader*, 02-1637 at 3, 848 So.2d at 580; *Blackburn v. National Union Fire Insurance Co. of Pittsburgh*, 00-2668, p. 6 (La.4/3/01), 784 So.2d 637, 641. Courts begin their analysis of the parties' common intent by examining the words of the insurance contract itself. *See*, LSA-C.C. art. 2046; *Succession of Fannaly v. Lafayette Insurance Co.*, 01-1355, p. 3 (La.1/15/02), 805 So.2d 1134, 1137; *Blackburn*, 00-2668 at 6, 784 So.2d at 641 ("[T]he initial determination of the parties' intent is found in the insurance policy itself."). In ascertaining the common intent, words and phrases in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning, in which case the words must be ascribed their technical meaning. *See*, LSA-C.C. art. 2047; *Edwards*, 03-2103 at 11, 883 So.2d at 940-941; *Cadwallader*, 02-1637 at 3, 848 So.2d at 580; *Succession of Fannaly*, 01-1355 at 3, 805 So.2d at 1137.

An insurance contract is to be construed as a whole and each provision in the contract must be interpreted in light of the other provisions. One provision of the contract should not be construed separately at the expense of disregarding other provisions. *See*, LSA-C.C. art. 2050; *Hill v. Shelter Mutual Insurance Co.*, 05-1783, p. 3 (La.7/10/06), 935 So.2d 691, 694; *Succession of Fannaly*, 01-1355 at 4-5, 805 So.2d at 1137; *Peterson v. Schimek*, 98-1712, p. 5 (La.3/2/99), 729 So.2d 1024, 1029. Neither should an insurance policy be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. *LeBlanc*, 05-0297, at 3, 921 So.2d at 89; *Edwards*, 03-2103 at 11, 883 So.2d at 941; *Cadwallader*, 02-1637 at 3, 848 So.2d at 580; *Peterson*, 98-1712 at 5, 729 So.2d at 1028.

When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and courts must enforce the contract as written. *See*,

LSA-C.C. art. 2046; *Hill*, 05-1783 at 3, 935 So.2d at 694; *Peterson*, 98-1712 at 4-5, 729 So.2d at 1028. Courts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms. *Cadwallader*, 02-1637 at 4, 848 So.2d at 580; *Succession of Fannaly*, 01-1355 at 4, 805 So.2d at 1138. The rules of contractual interpretation simply do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clarity the parties' intent. *Edwards*, 03-2103 at 12, 883 So.2d at 941; *Succession of Fannaly*, 01-1355 at 4, 805 So.2d at 1138; *Peterson*, 98-1712 at 5, 729 So.2d at 1029.

Nevertheless, if, after applying the general rules of contractual interpretation to an insurance contract, an ambiguity remains, the ambiguous contractual provision is generally construed against the insurer and in favor of coverage. *See*, LSA-C.C. art. 2056; *Succession of Fannaly*, 01-1355 at 4, 805 So.2d at 1138; *Peterson*, 98-1712 at 5, 729 So.2d at 1029. Under this rule of strict construction, equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer. *Edwards*, 03-2103 at 12, 883 So.2d at 941; *Cadwallader*, 02-1637 at 4, 848 So.2d at 580; *Carrier v. Reliance Insurance Co.*, 99-2573, p. 12 (La.4/11/00), 759 So.2d 37, 43. This strict construction principle applies, however, only if the ambiguous policy provision is susceptible to two or more reasonable interpretations; for the rule of strict construction to apply, the insurance policy must be not only susceptible to two or more interpretations, but each of the alternative interpretations must be reasonable. *Edwards*, 03-2103 at 12, 883 So.2d at 941; *Cadwallader*, 02-1637 at 4, 848 So.2d at 580; *Carrier*, 99-2573 at 12, 759 So.2d at 43.

*Calcasieu Par. Sch. Bd. v. Miller*, 11-1107, 12-48, pp. 3-4 (La.App. 3 Cir. 6/6/12), 92 So.3d 1200, 1202-03 (quoting *Sims v. Mulhearn Funeral Home, Inc.*, 07-54, pp. 7-10 (La. 5/22/07), 956 So.2d 583, 588-90).

LCPIC contends that coverage for theft of the Lopezes' tractor hinges on whether theft can be attributed to one of the "Perils Insured Against" on page four of the policy. The policy language thereunder provides: "Unless the loss is excluded in the General Exclusions, we insure for direct physical loss to the property covered

4

caused by[.]" The perils insured against are subsequently listed as follows: fire or lightning; internal explosion; windstorm or hail; explosion; riot or civil commotion; aircraft; vehicles; smoke; volcanic eruption; and vandalism or malicious mischief. LCPIC contends that the policy does not provide coverage for the Lopezes' tractor because theft is not expressly stated as an insured peril.

The Lopezes concede that theft is not listed under the "Perils Insured Against" section. They submit, however, that coverage is afforded based upon another section in the policy which provides:

**COVERAGE A - Dwelling**

We cover:

1. the dwelling on the Described Location shown in the Declarations, used principally for dwelling purposes, including structures attached to the dwelling;

2. materials and supplies located on or next to the Described Location used to construct, alter or repair the dwelling or other structures on the Described Location; and

3. if not otherwise covered in this policy, building equipment and outdoor equipment used for the service of and located on the Described Location.

This coverage does not apply to land, including land on which the dwelling is located.

The Lopezes contend that the tractor constitutes "outdoor equipment used for the service of and located on the Described Location" under A(3). They further assert that additional language in A(3), "if not otherwise covered in this policy," extends coverage for the theft of their tractor since theft is not expressly stated under the "Perils Insured Against" section.

In its May 31, 2018 oral ruling, the trial court held:

The Court has reviewed this, and I do find there is some ambiguity and conflict within those two provisions that have been pointed out by the plaintiff and the defense.

5

And further, the exact wording while not the witness' province to create that policy, is noted to be probably expanded as being a little more ambiguous than it was dealt with when the Court did it on motions for summary judgment.

I would adopt the rationale of December 6th, 2016, with regard to the denial of the summary judgment in favor of coverage and the granting of the summary judgment of ambiguity and putting coverage in place on behalf of the plaintiffs.

LCPIC argues that the policy is not ambiguous despite the provision found in A(3), which the trial court relied upon in finding coverage. LCPIC asserts that reliance on A(3) to extend coverage for theft, which is not a peril insured against, is a misapplication of the law by the trial court. We disagree.

On review, we keep in mind the following Louisiana jurisprudence: an insurance contract must be construed as a whole, each contractual provision should be interpreted in light of the other provisions, and one provision should not be construed separately at the expense of disregarding other provisions. *Calcasieu Par. Sch. Bd.*, 92 So.3d 1200. LCPIC's argument on appeal runs contrary to the foregoing jurisprudence by construing the "Perils Insured Against" provision at the expense of disregarding the provision in A(3), i.e., "if not otherwise covered in this policy[.]" Moreover, a review of the additional language in A(3) does not expressly state that the loss of "outdoor equipment used for the service of and located on the Described Location" is subject only to the "Perils Insured Against" provision. As such, the provision in A(3) must be given its plain, ordinary meaning. A plain and ordinary reading of the provision in A(3), according to witness testimony, can be interpreted as providing additional coverage for the loss of outdoor equipment which would be covered under other sections of the policy, but excluded for certain reasons.

In that regard, LCPIC's sole witness, Allison Anjier, testified at trial. Anjier, a senior claim representative employed by LCPIC, acknowledged that the tractor could be considered outdoor equipment which would fall under the umbrella

coverage of A(3). However, Anjier advised that theft is not listed as one of the "Perils Insured Against" such that coverage is not afforded to the Lopezes. Anjier then referenced the inclusion of the provision in A(3) and explained how it extends coverage to those items under A(3) which may be covered under other sections of the policy but excluded for certain reasons. She testified as follows:

> And number 3, which is the relevant one in this case, (As Read) If not otherwise covered in this policy, building equipment and outdoor equipment used for the service of and located on described location.

> So this is taking items that may otherwise be considered coverage B, coverage C, or coverage D. If there is some limitation within those coverages, this allows for them to be considered part of the dwelling, and provides coverage for them under the limit of liability stated for coverage A, subject to the remainder of the contract.

Anjier's testimony on cross-examination, however, reveals the ambiguity in the provision in A(3). Specifically, she was asked why A(3) contains the provision "if not otherwise covered in this policy[.]" Anjier responded by reiterating her previous testimony on direct examination that outdoor equipment may be provided coverage under A(3) if it is otherwise excluded from coverage under other sections of the policy. She was then directed to A(2), which excludes the provision found in A(3).

> The following colloquy ensued:

> Q    Okay. But you don't have this phrase "if not otherwise covered in this policy" with regard to number 2. Why not? Because it would be the same logical analysis that you just gave that maybe you'd reached your limits in C, or maybe they don't have C. Same thing with number 2, A-2 here, but that phrase is not in A-2. Agreed?

> A    Correct.

> Q    Okay. Do you know why it's not in A-2?

> A    I do not.

> Q    Okay.

7

Anjier's testimony reveals that the same items that are provided coverage in A(2) and A(3) may also be covered under other sections of the policy. It further reveals that if coverage of those items is excluded under other sections for certain reasons, then coverage may be extended to those items under A(2) and A(3). Thus, the end result is the same for those items listed in A(2) and A(3), i.e., coverage. Moreover, LCPIC, through Anjier's testimony, cannot explain why it placed the provision "if not otherwise covered in this policy" in A(3), nor why it was left out of other provisions, like A(2). Such ambiguity must be construed against the insurer and in favor of coverage. *Calcasieu Par. Sch. Bd.*, 92 So.3d 1200. Accordingly, the trial court's judgment is legally correct.

## DECREE

For the above reasons, the trial court's judgment in favor of Plaintiffs/Appellees, Nathan and Olivia Lopez, is affirmed. Costs of this matter are assessed to Defendant/Appellant, Louisiana Citizens Property Insurance Corporation.

**AFFIRMED.**